FILED
NOVEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| CITY OF CHICAGO, JAMES SPRATTE, ) | |
| TERANCE NALLS and EUGENE WHITE ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**07 C 6650**

**JUDGE DER-YEGHIAYAN**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

Plaintiff complains against defendants as follows:

### I.   Jurisdiction & Venue

1. This action arises under 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is invoked under 28 U.S.C. §1331 with respect to Plaintiff's federal claims in Count I. Supplemental Jurisdiction is invoked pursuant to 28 U.S.C. 1367(a) with respect to the State claims in Counts II and III.

2. The events complained of herein occurred in Chicago, Cook County, Illinois and therefore venue lies in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

### II.   Parties

3. Plaintiff Lisa Fishering resides in Chicago, Cook County, Illinois with her daughter. She is an interior designer and owns and operates a business known as Whizbang Incorporated, also located in Chicago, Cook County, Illinois

4. Defendant City of Chicago is a municipal corporation in the State of Illinois that employs a law enforcement unit identified as the Chicago Police Department (Department) and

is responsible for the employment, training, and supervision of Chicago Police officers including the individual police officers in this action, James Spratte (Spratte) and Terance Nalls (Nalls).

5. Defendant James Spratte (Spratte) is, and at all times material herein was a duly appointed police officer in the Chicago Police Department and, at all times material herein, acted under pretense and color of law and in his official capacity.

6. Defendant Terance Nalls (Nalls) is, and at all times material herein was, a duly appointed police officer in the Chicago Police Department, and at all times material herein, acted under pretense and color of law and in his official capacity.

7. Defendant Eugene White (Eugene) resides in Chicago, Cook County, Illinois. He is married to Michelle (Michelle) White (together referred to herein as the Whites).

8. Defendant Spratte is Michelle's uncle or has an otherwise close personal relationship with her.

### Background

9. In or about 2006, Eugene and Michelle hired plaintiff to provide interior design services for a home they were rehabbing in Chicago. Thereafter, a dispute arose between plaintiff and the Whites regarding plaintiff's services.

10. On or about August 17, 2007, defendant Spratte came to plaintiff's home. Plaintiff was not at home, but her 18 year old daughter Meret was present. Spratte identified himself as a Chicago Police detective and displayed his badge. He told Meret that he "had business" with her mother and that she should call him at the cell number he provided.

11. Within an hour of Spratte's visit, plaintiff arrived at home and was told by her daughter that a detective wanted to talk with her. Plaintiff then called Spratte at the cell phone number he had left.

12. During plaintiff's call with Spratte, he told her he was a Chicago Police detective and Michelle's uncle; that he had raised Michelle and was calling on her behalf because plaintiff owed her money. He told plaintiff that if she did not "make things right" with the Whites, he would "walk Eugene through the criminal process" and see to it that plaintiff was arrested.

13. On or about September 17, 2007, Eugene left a voicemail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges.

14. On or about September 19, 2007, defendant Nalls left a voicemail message with the same business associate of plaintiff identifying himself as a detective and asking that plaintiff call him.

15. Later that day, after plaintiff heard Nalls' voicemail message, plaintiff and the Whites exchanged emails. In their email to plaintiff of September 19, 2007 at 7:35 p.m., the Whites said in part:

> **"We want our money back. Give it to us and this will all be over. You never even called us about this – before or after any visit from the police. Find our money and give it to us – it is the right thing to do, and it will make your life much simpler again. I wish you had not ignored this for the last several months – you could have solved the problem long ago. This is a significant problem – I'm sorry you don't see it as one – the police have no problem seeing that this is a serious crime."**

16. On or about September 26, 2007, defendant Nalls informed plaintiff's counsel that a felony warrant had been issued for plaintiff. Thereafter, on or about October 2, 2007, plaintiff and her counsel met with defendant Nalls at Area 2 Financial Crimes headquarters of the Chicago Police Department at 727 East 111th Street in Chicago. At that time and place, plaintiff was placed under arrest by Nalls for felony theft by deception and held in a jail cell for the next 6 hours. She was then released without being charged.

## Count I – Unlawful Arrest & Imprisonment
## Spratte, Nalls & the City of Chicago

17. Plaintiff realleges paragraphs 1-16 above.

18. Plaintiff's arrest and imprisonment were unlawful because they were without probable cause.

19. At all times material herein Spratte caused, facilitated, aided, abetted or was otherwise accountable, in whole or in part, for plaintiff's arrest and imprisonment.

20. The misconduct engaged in by Spratte and Nalls described above is widespread, routinely committed by other employees of the Chicago Police Department, and is therefore well known to the Department.

21. At all times material herein, defendants Spratte and Nalls knew there was no probable cause to arrest and/or imprison plaintiff and, therefore, their conduct was willful, malicious or recklessly indifferent to plaintiff's right to be free from unlawful arrest and imprisonment.

22. At all times material herein, Spratte and Nalls engaged in the gross misconduct described above in order to use the authority of the Chicago Police Department and their own authority as police officers to act as a private collection agency for the Whites.

23. Despite being well aware that its officers routinely engage in such conduct, the Department has failed to adequately train, supervise, control or discipline its officers such that the misconduct has become the policy and practice of the Department.

24. The Department's failure to adequately train, supervise, control or discipline its officers manifests a deliberate indifference to their misconduct as described above.

Wherefore, plaintiff requests that judgment be entered against defendants Spratte, Nalls and the City of Chicago, jointly and severally in an amount in excess of one million dollars as

compensatory damages and in excess of one million dollars as punitive damages and for plaintiff's attorney's fees and costs.

### Count II – Intentional Infliction of Emotional Distress – Spratte & Nalls

25. Plaintiff realleges paragraphs 1-24 above.

26. The misconduct of Spratte and Nalls as described above was intended to cause and did cause plaintiff severe emotional distress.

Wherefore, plaintiff requests that judgment be entered against Spratte and Nalls, jointly and severally, in an amount in excess of one million dollars as compensatory damages and in excess of one million dollars as punitive damages.

### Count III – Defamation per se – Eugene White

27. Plaintiff realleges paragraphs 1-26 above.

28. White's voicemail message as described in paragraph 13 above, falsely, intentionally, and maliciously portrayed plaintiff as having committed a crime and was therefore defamatory per se.

29. As a direct and proximate result of White's conduct as described above, plaintiff suffered substantial damage, including but not limited to personal humiliation and mental anguish.

Wherefore, plaintiff requests that judgment be entered against White in an amount in excess of one million dollars as compensatory damages and in excess of one million dollars as punitive damages.

Respectfully Submitted:

_____
STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Steven J. Rosenberg
Charles E. McElvenny
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400