UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE, | ) | Judge Der-Yeghiayan |
| TERANCE NALLS and EUGENE WHITE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NALLS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Terance Nalls ("Nalls"), by his attorney, Alec M. McAusland, Assistant Corporation Counsel, submits the following answer, affirmative defenses and jury demand in response to plaintiff's complaint.

**I.      Jurisdiction & Venue**

1.    This action arises under 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is invoked under 28 U.S.C. §1331 with respect to Plaintiff's federal claims in Count I. Supplemental Jurisdiction is invoked pursuant to 28 U.S.C. 1367(a) with respect to the State claims in Counts II and III.

**ANSWER:**    Nalls admits the jurisdictional allegations of paragraph 1.

2.    The events complained of herein occurred in Chicago, Cook County, Illinois and therefore venue lies in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

**ANSWER:**    Nalls admits the allegations of paragraph 2.

**II.   Parties**

3.    Plaintiff Lisa Fishering resides in Chicago, Cook County, Illinois with her daughter. She is an interior designer and owns and operates a business known as Whizbang Incorporated, also located in Chicago, Cook County, Illinois.

**ANSWER:** Nalls admits the allegations of paragraph 3.

4. Defendant City of Chicago is a municipal corporation in the State of Illinois that employs a law enforcement unit identified as the Chicago Police Department (Department) and is responsible for the employment, training, and supervision of Chicago Police officers including the individual police officers in this action, James Spratte (Spratte) and Terance Nalls (Nalls).

**ANSWER:** Nalls admits the allegations of paragraph 4.

5. Defendant James Spratte (Spratte) is, and at all times material herein was a duly appointed police officer in the Chicago Police Department and, at all times material herein, acted under pretense and color of law and in his official capacity.

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to what capacity Spratte acted in, or whether he acted under pretense or color of law. Nalls admits the remaining allegations of paragraph 5.

6. Defendant Terance Nalls (Nalls) is, and at all times material herein was, a duly appointed police officer in the Chicago Police Department, and at all times material herein, acted under pretense and color of law and in his official capacity.

**ANSWER:** Nalls admits the allegations of paragraph 6.

7. Defendant Eugene White (Eugene) resides in Chicago, Cook County, Illinois. He is married to Michelle (Michelle) White (together referred to herein as the Whites).

**ANSWER:** Nalls admits the allegations of paragraph 7.

8. Defendant Spratte is Michelle's uncle or has an otherwise close personal relationship with her.

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8.

**Background**

9.  In or about 2006, Eugene and Michelle hired plaintiff to provide interior design services for a home they were rehabbing in Chicago. Thereafter, a dispute arose between plaintiff and the Whites regarding plaintiff's services.

**ANSWER:** Nalls admits the allegations of paragraph 9.

10. On or about August 17, 2007, defendant Spratte came to plaintiff's home. Plaintiff was not at home, but her 18 year old daughter Meret was present. Spratte identified himself as a Chicago Police detective and displayed his badge. He told Meret that he "had business" with her mother and that she should call him at the cell number he provided.

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10.

11. Within an hour of Spratte's visit, plaintiff arrived at home and was told by her daughter that a detective wanted to talk with her. Plaintiff then called Spratte at the cell phone number he had left.

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11.

12. During plaintiff's call with Spratte, he told her he was a Chicago Police detective and Michelle's uncle; that he had raised Michelle and was calling on her behalf because plaintiff owed her money. He told plaintiff that if she did not "make things right" with the Whites, he would "walk Eugene through the criminal process" and see to it that plaintiff was arrested.

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12.

13. On or about September 17, 2007, Eugene left a voicemail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges.

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13.

14. On or about September 19, 2007, defendant Nalls left a voicemail message with the same business associate of plaintiff identifying himself as a detective and asking that plaintiff call him.

**ANSWER:** Nalls admits he left a voicemail with a business associate of plaintiff's identifying himself as a detective and requested a return call. Nalls is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 14.

15. Later that day, after plaintiff heard Nalls' voicemail message, plaintiff and the Whites exchanged emails. In their email to plaintiff of September 19, 2007 at 7:35 p.m., the Whites said in part:

> **"We want our money back. Give it to us and this will be over. You never even called us about this - before or after any visit from the police. Find our money and give it to us - it is the right thing to do, and it will make your life much simpler again. I wish you had not ignored this for the last several months - you could have solved the problem long ago. This is a significant problem - I'm sorry you don't see it as one - the police have no problem seeing that this is a serious crime."**

**ANSWER:** Nalls is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15.

16. On or about September 26, 2007, defendant Nalls informed plaintiff's counsel that a felony warrant had been issued for plaintiff. Thereafter, on or about October 2, 2007, plaintiff and her counsel met with defendant Nalls at Area 2 Financial Crimes headquarters of the Chicago Police Department at 727 East 111th Street in Chicago. At that time and place, plaintiff was placed under arrest by Nalls for felony theft by deception and held in a jail cell for the next 6 hours. She was then released without being charged.

**ANSWER:** Nalls denies he informed plaintiff's counsel that a felony warrant had been issued for plaintiff; denies that plaintiff was held in a jail cell; and denies plaintiff was held for

six hours, but admits plaintiff was held for approximately 5 hours and 45 minutes.  Nalls admits the remaining allegations of paragraph 16.

## Count I - Unlawful Arrest & Imprisonment
### Spratte, Nalls & the City of Chicago

17.     Plaintiff realleges paragraphs 1-16 above.

**ANSWER:**    Nalls realleges his answers to paragraph 1-16 above as his answer to paragraph 17.


18.     Plaintiff's arrest and imprisonment were unlawful because they were without probable cause.

**ANSWER:**    Nalls denies the allegations of paragraph 18.


19.     At all times material herein Spratte caused, facilitated, aided, abetted or was otherwise accountable, in whole or in part, for plaintiff's arrest and imprisonment.

**ANSWER:**    Nalls denies the allegations of paragraph 19.


20.     The misconduct engaged in by Spratte and Nalls described above is widespread, routinely committed by other employees of the Chicago Police Department, and is therefore well known to the Department.

**ANSWER:**    Nalls denies the allegations of paragraph 20.

21.     At all times material herein, defendants Spratte and Nalls knew there was no probable cause to arrest and/or imprison plaintiff and, therefore, their conduct was willful, malicious or recklessly indifferent to plaintiff's right to be free from unlawful arrest and imprisonment.

**ANSWER:**    Nalls denies the allegations of paragraph 21.


22.     At all times material herein, Spratte and Nalls engaged in the gross misconduct

described above in order to use the authority of the Chicago Police Department and their own authority as police officers to act as a private collection agency for the Whites.

**ANSWER:**  Nalls denies the allegations of paragraph 22.

23. Despite being well aware that its officers routinely engage in such conduct, the Department has failed to adequately train, supervise, control or discipline its officers such that the misconduct has become the policy and practice of the Department.

**ANSWER:**  Nalls denies the allegations of paragraph 23.

24. The Department's failure to adequately train, supervise, control or discipline its officers manifests a deliberate indifference to their misconduct as described above.

**ANSWER:**  Nalls denies the allegations of paragraph 24.

**WHEREFORE**, Nalls respectfully prays that this Honorable Court enter judgment in his favor on Count I, with fees and costs, and with such other relief this Honorable Court deems fair and just.

### Count II - Intentional Infliction of Emotional Distress - Spratte & Nalls

25. Plaintiff realleges paragraphs 1-24 above.

**ANSWER:**  Nalls realleges his answers to paragraphs 1-24 above as his answer to paragraph 25.

26. The misconduct of Spratte and Nalls as described above was intended to cause and did cause plaintiff severe emotional distress.

**ANSWER:**  Nalls denies the allegations of paragraph 26.

**WHEREFORE**, Nalls respectfully prays that this Honorable Court enter judgment in his favor on Count II, with fees and costs, and with such other relief this Honorable Court deems fair

and just.

## Count III - Defamation per se - Eugene White

Nalls makes no response to the allegations of Count III, as the allegations of Count III are not directed toward Nalls.

## AFFIRMATIVE DEFENSES

1.   At all times during the events alleged in plaintiff's complaint, a reasonable police officer in the position of Nalls could have believed that his conduct was objectively reasonable and within constitutional limits that were clearly established at the time. Thus, Nalls is entitled to qualified immunity for his actions.

2.   Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton. Id. at § 2-202. Nalls' complained of actions were not wilful or wanton.

## JURY DEMAND

Nalls respectfully demands this case be tried by jury.

Respectfully submitted,

_____
ALEC M. McAUSLAND
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4038
Atty No. 06202724