IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| v. | ) | Case No. 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE, | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>EUGENE WHITE'S MOTION TO DISMISS UNDER RULE 12(b)(6)</u>**

Defendant Eugene White ("White"), by and through his attorneys, moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of the motion, White states as follows:

1. Plaintiff filed a three count complaint arising out of her arrest by the Chicago Police Department for felony theft by deception. (Complaint, ¶ 16). Counts I and II of her Complaint are brought only against defendants City of Chicago, James Spratte and Terance Nalls. White is not named as a defendant in either Count I or Count II.

2. In Count III of her complaint, Plaintiff purports to bring a state law claim of defamation *per se* against White. Plaintiff's claim for defamation *per se* is based solely upon paragraph 13 of her Complaint. Specifically, Plaintiff alleges in paragraph 13 that "[o]n or about September 17, 2007, [White] left a voicemail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges." (Complaint, ¶ 13). As set forth below, Plaintiff's allegations are not sufficient to state a cause of action for defamation *per se*.

252782v1

## ARGUMENT

A statement is defamatory if it "tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with [him]." *Seith v. Chicago Sun-Times, Inc.*, 861 N.E.2d 1117, 1126 (1st Dist. 2007) (quoting *Bryson v. News America Publications, Inc.,* 672 N.E.2d 1207 (1996)). "To state a defamation claim, a plaintiff must present facts that a defendant made a false statement about a plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Seith*, 861 N.E.2d at 1126. If a plaintiff alleges that a statement is defamatory *per se,* he need not plead or prove actual damages to his reputation. *Id*. "Illinois recognizes five categories of statements that are defamatory *per se:* (1) those imputing the commission of a criminal offense; (2) those imputing infection with a loathsome communicable disease; (3) those imputing an inability to perform or want of integrity in the discharge of duties of office or employment; (4) those that prejudice a party or impute lack of ability in the party's trade, profession or business; and (5) those imputing adultery or fornication." *Id*.

Here, Plaintiff purports to bring a defamation *per se* claim based upon the first category. Although Plaintiff's defamation *per se* claim is not subject to the heightened pleading standards of Rule 9, "in order to satisfy the requirements of notice pleading, a plaintiff claiming defamation must specifically set forth the words alleged to be actionable." *Robinson v. Morgan Stanley*, 2007 WL 2815839 * 7 (N.D. Ill. Sept. 24, 2007).

Plaintiff has not met her pleading requirements. Plaintiff has not alleged what words she contends were defamatory. The only words that Plaintiff alleges White specifically published to a

third party are that Plaintiff had "skipped town." (Complaint, ¶ 13).[1] However, merely stating that someone has "skipped town" is not defamatory. *See, e.g.*, *Main v. Baker*, 530 N.E.2d 715 (3d Dist. 1988) (allegation of "illegal" conduct not defamatory because it does impute criminal act); *Salamone v. Hollinger International, Inc.*, 807 N.E.2d 1086, 1090 (1st Dist. 2004) (reference to "reputed" mobster subject to innocent construction).

Moreover, even if the Court were to consider the other statements that Plaintiff attributes to White, although she does not allege the specific words stated by White, they are not sufficient to state a cause of action for defamation *per se*. For example, Plaintiff alleges that White told a business associate that Plaintiff had taken $45,000. (Complaint, ¶ 13). However, Plaintiff does not allege that this statement was false.

Similarly, Plaintiff alleges that White stated to the business associate that a warrant had been issued for Plaintiff's arrest on fraud charges. (Complaint, ¶ 13). Once again, however, Plaintiff does not allege that this was false. In fact, Plaintiff alleges in paragraph 16 of her Complaint that Officer Nalls had informed Plaintiff's counsel that a felony warrant had been issued for Plaintiff. Thus, according to Plaintiff's own pleading, this statement attributed to White was true.

It appears that rather than specifically allege that any statement was false, Plaintiff seeks to state a cause of action based upon the conclusory allegation that White's voicemail message "falsely, intentionally, and maliciously portrayed plaintiff as having committed a crime and was therefore defamatory per se." (Complaint, ¶ 28). However, as stated above, the law requires Plaintiff to allege a false statement made by White about Plaintiff to a third party. *Seith*, 861 N.E.2d 1117. Because

---

[1] The only words that Plaintiff places in quotation marks as having been specifically stated by White are that Plaintiff "skipped town."

Plaintiff has failed to allege any defamatory statement made by White that was false, Plaintiff's cause of action fails as a matter of law.

WHEREFORE, Defendant Eugene White respectfully requests that this Court enter an order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6), and granting to him any and all further relief the Court deems fair and just.

Dated:   February 12, 2008                Respectfully submitted,

                                          Eugene White

                                          /s/Martin J. O'Hara
                                          Martin J. O'Hara, #6229971
                                          Attorney for Defendant
                                          Quinlan & Carroll, Ltd.
                                          30 N. LaSalle Street, Suite 2900
                                          Chicago, IL  60602
                                          phone:  (312) 263-0900
                                          fax:  (312) 263-5013
                                          e-mail:  mohara@qclaw.com