IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | NO. 07 C 6650 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE, | ) | |
| TERANCE NALLS and EUGENE WHITE | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer to Plaintiff's Complaint, states:

### I.  Jurisdiction & Venue

1.  This action arises under 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is invoked under 28 U.S.C. §1331 with respect to Plaintiff's federal claims in Count I.  Supplemental Jurisdiction is invoked pursuant to 28 U.S.C. 1367(a) with respect to the State claims in Counts II and III.

**ANSWER:**   The City admits that this court has jurisdiction over the federal claims in this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a)(3).  The City further admits that this court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.  The City denies that the United States Constitution provides plaintiff with a direct cause of action. The City further denies that 42 U.S.C. § 1988 is jurisdictional.

2.  The events complained of herein occurred in Chicago, Cook County, Illinois and therefore venue lies in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b).

**ANSWER:**   On information and belief, the City admits the allegations contained in this paragraph.

## II. Parties

3. Plaintiff Lisa Fishering resides in Chicago, Cook County, Illinois with her daughter. She is an interior designer and owns and operates a business known as Whizbang Incorporated, also located in Chicago, Cook County, Illinois [*sic*]

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Defendant City of Chicago is a municipal corporation in the State of Illinois that employs a law enforcement unit identified as the Chicago Police Department (Department) and is responsible for the employment, training, and supervision of Chicago Police officers including the individual police officers in this action, James Spratte (Spratte) and Terance Nalls (Nalls).

**ANSWER:** The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits that Defendant Officers Spratte and Nalls are employed by the City as police officers. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

5. Defendant James Spratte (Spratte) is, and at all times material herein was a duly appointed police officer in the Chicago Police Department and, at all times material herein, acted under pretense and color of law and in his official capacity.

**ANSWER:** The City admits that Defendant Spratte was employed by the City as a police officer at all times relevant to the Complaint. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

6. Defendant Terance Nalls (Nalls) is, and at all times material herein was, a duly appointed police officer in the Chicago Police Department, and at all times material herein, acted under pretense and color of law and in his official capacity.

**ANSWER:** The City admits that Defendant Nalls was employed by the City as a police officer at all times relevant to the Complaint. The City further admits, on information and belief, that at all times relevant to the Complaint, Defendant Nalls was acting in the scope of his

employment and under color of state law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

7. Defendant Eugene White (Eugene) resides in Chicago, Cook County, Illinois. He is married to Michelle (Michelle) White (together referred to herein as the Whites).

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Defendant Spratte is Michelle's uncle or has an otherwise close personal relationship with her.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## Background

9. In or about 2006, Eugene and Michelle hired plaintiff to provide interior design services for a home they were rehabbing in Chicago. Thereafter, a dispute arose between plaintiff and the Whites regarding plaintiff's services.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. On or about August 17, 2007, defendant Spratte came to plaintiff's home. Plaintiff was not at home, but her 18 year old daughter Meret was present. Spratte identified himself as a Chicago Police detective and displayed his badge. He told Meret that he "had business" with her mother and that she should call him at the cell number he provided.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. Within an hour of Spratte's visit, plaintiff arrived at home and was told by her daughter that a detective wanted to talk with her. Plaintiff then called Spratte at the cell phone number he had left.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph.

12. During plaintiff's call with Spratte, he told her he was a Chicago Police detective and Michelle's uncle; that he had raised Michelle and was calling on her behalf because plaintiff owed her money. He told plaintiff that if she did not "make things right" with the Whites, he would "walk Eugene through the criminal process" and see to it that plaintiff was arrested.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. On or about September 17, 2007, Eugene left a voicemail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. On or about September 19, 2007, defendant Nalls left a voicemail message with the same business associate of plaintiff identifying himself as a detective and asking that plaintiff call him.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Later that day, after plaintiff heard Nalls' voicemail message, plaintiff and the Whites exchanged emails. In their email to plaintiff of September 19, 2007 at 7:35 p.m., the Whites said in part:

> **"We want our money back. Give it to us and this all will be over. You never even called us about this - before or after any visit from the police. Find our money and give it to us - it is the right thing to do, and it will make your life much simpler again. I wish you had not ignored this for the last several months - you could have solved the problem long ago. This is a significant problem - I'm sorry you don't see it as one - the police have no problem seeing that this is a serious crime."**

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16.     On or about September 26, 2007, defendant Nalls informed plaintiff's counsel that a felony warrant had been issued for plaintiff.  Thereafter, on or about October 2, 2007, plaintiff and her counsel met with defendant Nalls at Area 2 Financial Crimes headquarters of the Chicago Police Department at 727 East 111th Street in Chicago.  At that time and place, plaintiff was placed under arrest by Nalls for felony theft by deception and held in a jail cell for the next 6 hours.  She was then released without being charged.

**ANSWER:**     The City admits that, according to Chicago Police Department documents, Plaintiff was arrested on October 2, 2007, charged with Theft, and released when the State's Attorney's Office declined felony charges.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

<b><u>Count I - Unlawful Arrest & Imprisonment<br>Spratte, Nalls & the City of Chicago</u></b>

17.     Plaintiff realleges paragraphs 1-16 above.

**ANSWER:**     The City incorporates its answers to paragraphs 1 through 16.

18.     Plaintiff's arrest and imprisonment were unlawful because they were without probable cause.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.     At all times material herein Spratte caused, facilitated, aided, abetted or was otherwise accountable, in whole or in part, for plaintiff's arrest and imprisonment.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.     The misconduct engaged in by Spratte and Nalls described above is widespread, routinely committed by other employees of the Chicago Police Department, and is therefore well known to the Department.

**ANSWER:**     The City denies the allegations of this paragraph.

21.     At all times material herein, defendants Spratte and Nalls knew there was no probable cause to arrest and/or imprison plaintiff and, therefore, their conduct was willful, malicious or recklessly indifferent to plaintiff's right to be free from unlawful arrest and imprisonment.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22.     At all times material herein, Spratte and Nalls engaged in the gross misconduct described above in order to use the authority of the Chicago Police Department and their own authority as police officers to act as a private collection agency for the Whites.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.     Despite being well aware that its officers routinely engage in such conduct, the Department has failed to adequately train, supervise, control or discipline its officers such that the misconduct has become the policy and practice of the Department.

**ANSWER:**    The City denies the allegations of this paragraph.

24.     The Department's failure to adequately train, supervise, control or discipline its officers manifests a deliberate indifference to their misconduct as described above.

**ANSWER:**    The City denies the allegations of this paragraph.

### Count II - Intentional Infliction of Emotional Distress - Spratte & Nalls

The City is not a party-defendant in count II. Therefore, it does not answer the allegations in that count.

### Count III - Defamation per se - Eugene White

The City is not a party-defendant in count III. Therefore, it does not answer the allegations in that count.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (2006).

5. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6. To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to

plaintiff by the jury in this case.

7. Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

8. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

### JURY DEMAND

The Defendant, City of Chicago, requests a trial by jury.

Respectfully submitted,
MARA S. GEORGES,
Corporation Counsel, City of Chicago

By: /s/ *Megan K. McGrath*
MEGAN K. McGRATH
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541
Attorney No. 06288408