UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| vs. | ) | Case No. 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT EUGENE WHITE'S MOTION TO DISMISS

Plaintiff Lisa K. Fishering responds to Defendant Eugene White's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

1.    As though addressed to some other pleading, White's motion argues that the Complaint does not properly allege defamation *per se* because "plaintiff has not alleged what words she contends were defamatory" or what particular claims are false.  These objections are without merit because they ignore the plain language of plaintiff's allegations and apply an improper standard of pleading.

2.    Paragraph 13 of the Complaint alleges that:

> "On or about September 17, 2007, Eugene left a voicemail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges." (*See* Complaint, Par. 13).

3.    Paragraph 28 of the Complaint alleges that:

"White's voicemail message as described in paragraph 13 above, falsely, intentionally, and maliciously portrayed plaintiff as having committed a crime and was therefore defamatory per se." (*See* Complaint, Par. 28).

### The Complaint Adequately Alleges Defamation

4.      Defamation *per se* requires the plaintiff to plead and prove that defendant made a false, unprivileged statement about plaintiff to a third party. *Ptasznik v. St. Joseph Hospital*, 464 F.3d 691 (7th Circuit 2006).  Words fairly imputing the commission of a crime are defamatory *per se*. *Lowe v. Rockford Newspaper*, 179 Ill.App.3d 592 (2nd Dist. 1989).

5.      Defendant's argument that plaintiff has not alleged or identified the defamatory words is contrary to the plain language of the Complaint that "**plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges**". (*See* Complaint, Par. 13) (emphasis added).

6.      Defendant's argument that the only words plaintiff alleged were "skipped town" is not convincing.   To allege a claim for defamation a plaintiff does not have to identify the comprehensive and specific defamatory statement and no Illinois case has ever held that the pleader must place the slanderous remarks within quotation marks. *Krueger v. Lewis*, 342 Ill.App.3d 467 (1st Dist. 2003).   Rather, courts measure the specificity of an allegation by determining whether it states a conclusion or a fact. *Id*.   Although plaintiff put only the words "skipped town" in quotation marks the Complaint sufficiently alleges specific facts which enable defendant to construct a responsive pleading. *Graves v. Man Group USA, Inc.* 479 F.Supp.2d 850 (2007).   No more is required.

**The Complaint Adequately Alleges Falsity**

7.      Defendant's argument that plaintiff does not allege which of defendant's claims are false is also defeated by the plain language of the Complaint.  Specifically, Paragraph 28 claims that the "voicemail message…**falsely**, intentionally, and maliciously portrayed plaintiff as having committed a crime". (*See* Paragraph 28 of Complaint) (emphasis added).  Defendant's argument that plaintiff must separate and identify the false statements is unsupported by either Illinois or federal pleading requirements.  It is sufficient to allege that a person falsely accused a person of committing a crime. *Cartwright v. Garrison*, 113 Ill.App.3d 526 (2nd Dist. 1983).  Since that is exactly what is alleged defendant's motion should be denied.


        Wherefore, Plaintiff respectfully request that this Court deny Defendant White's Motion to Dismiss.


                                        Respectfully Submitted:


                                        STEVEN J. ROSENBERG, P.C
                                        Attorneys for Plaintiff


Steven J. Rosenberg
Charles E. McElvenny
Abeer H. Zanayed
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400