IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Der-Yeghiayan |
| v. ) | Case No. 07 C 6650 |
| ) | |
| CITY OF CHICAGO, JAMES SPRATTE, ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, ) | |
| ) | |
| Defendants. ) | |

**EUGENE WHITE'S REPLY IN SUPPORT OF
MOTION TO DISMISS UNDER RULE 12(b)(6)**

Defendant Eugene White ("White"), by and through his attorneys, hereby submits his reply in further support of his motion to dismiss.

**INTRODUCTION**

Plaintiff's response not only ignores the allegations of her complaint, but ignores the holdings of the case that she cites in her response. First, Plaintiff argues that she is not required to place in quotation marks exactly what White purportedly said. However, in making this statement Plaintiff conveniently ignores that she *did* put in quotation marks the specific statement that White purportedly made. (Complaint, ¶ 13). Having alleged specifically the words that White purportedly stated, Plaintiff cannot now pretend as if she never made such an allegation.

Moreover, the case law cited by Plaintiff provides that a complaint for defamation must set forth the words alleged to be defamatory clearly and with particularity. *Graves v. Man Group, Inc.*, 479 F. Supp. 2d 850, 854 (N.D. Ill. 2007). This specificity is required in order to allow a defendant to respond to the complaint. *Id.* Here, a simple review of the specific and clear statements allegedly

253726v1

made by White demonstrate beyond question that Plaintiff has not alleged any statements made by White that could support a claim for defamation *per se*.

## ARGUMENT

Initially, there is no question that the only allegedly defamatory statements made by White are those set forth in paragraph 13 of Plaintiff's complaint. In its entirety, Plaintiff alleges in paragraph 13 as follows:

> On or about September 17, 2007, [White] left a voicemail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges.

(Complaint, ¶ 13). The question before the Court is whether the allegation in paragraph 13 is sufficient to state cause of action for defamation *per se*. That question must be answered in the negative.

As alleged by Plaintiff, the only words that Plaintiff specifically published to a third party are that Plaintiff had "skipped town." (Complaint, ¶ 13). The quotation marks around the phrase "skipped town" appear in Plaintiff's complaint, and have not been added by White. The use of the quotation marks around *only* this phrase makes clear that Plaintiff is identifying those words as the specific and clear words stated by Plaintiff. We know this because Plaintiff has cited to *Graves* which states that a complaint for defamation must set forth the words alleged to be defamatory "clearly and with particularity." *Graves*, 479 F. Supp. 2d at 854 (*quoting Krueger v. Lewis*, 342 Ill. App. 3d 467, 794 N.E.2d 970 (1st Dist. 2003). Being aware of *Graves*, Plaintiff obviously used the quotation marks to identify clearly and with particularity the words alleged to be defamatory.

Of course, the problem for Plaintiff is that stating someone has "skipped town" is not defamatory. *See, e.g., Main v. Baker*, 530 N.E.2d 715 (3d Dist. 1988) (allegation of "illegal"

conduct not defamatory because it does impute criminal act); *Salamone v. Hollinger International, Inc.*, 807 N.E.2d 1086, 1090 (1st Dist. 2004) (reference to "reputed" mobster subject to innocent construction). In fact, Plaintiff does not even argue in her response that it is defamatory. Certainly stating that someone has "skipped town" does not impute a criminal act. A person may "skip town" for any number of reasons, virtually all of which would have nothing to do with having committed a criminal act. Thus, as a matter of law, Plaintiff's claim for defamation *per se* fails for the simple reason that she has not set forth any words with particularity that are defamatory.

In addition, the other alleged statements in paragraph 13 that do not appear in quotation cannot save Plaintiff's pleading. As noted in White's motion to dismiss, Plaintiff's allegation that White told a business associate that Plaintiff had taken $45,000 is not defamatory for the simple reason that Plaintiff has not alleged that this statement was false. Once again, Plaintiff does not even argue in her response that she has alleged that this statement was false. Of course, Plaintiff cannot allege that this statement is false because she knows that it is true. Thus, White's alleged statement that Plaintiff had taken $45,000 cannot support a claim for defamation *per se*.

Similarly, Plaintiff's allegation that White stated to the business associate that a warrant had been issued for Plaintiff's arrest on fraud charges fares no better. Plaintiff has not alleged that this statement was false. Further, Plaintiff does not argue in her response that she has alleged that the statement was false. This is not surprising because she alleges elsewhere in her complaint that Officer Nalls had informed Plaintiff's counsel that a felony warrant had been issued for Plaintiff. (Complaint, ¶ 16). Thus, according to Plaintiff's own pleading, this statement attributed to White was true. Accordingly like the other alleged statements attributed to White in paragraph 16, the

alleged statement that a warrant had been issued for Plaintiff cannot form the basis of a claim for defamation *per se*.

As White predicted in his motion to dismiss, Plaintiff attempts to salvage her claim by relying on paragraph 28 wherein she alleged that White's voicemail message "falsely, intentionally, and maliciously portrayed plaintiff as having committed a crime and was therefore defamatory per se." (Complaint, ¶ 28). However, as recognized in the very case cited by Plaintiff, she is required to allege clearly and with particularity the statements that are alleged to be defamatory. *Graves*, 479 F. Supp. 2d at 854. There are no allegations in paragraph 28 setting forth any statements allegedly made by White, much less any allegations setting forth the statements clearly and with particularity. Therefore, the allegations in paragraph 28 cannot form the basis of a claim for defamation *per se*.

## CONCLUSION

For these reasons, as well as those set forth in White's motion to dismiss, Eugene White respectfully requests that this Court enter an order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6), and granting to him any and all further relief the Court deems fair and just.

Dated:  March 19, 2008                     Respectfully submitted,

                                            Eugene White

                                            /s/Martin J. O'Hara
                                            Martin J. O'Hara, #6229971
                                            Attorney for Defendant
                                            Quinlan & Carroll, Ltd.
                                            30 N. LaSalle Street, Suite 2900
                                            Chicago, IL  60602
                                            phone:  (312) 263-0900
                                            fax:  (312) 263-5013
                                            e-mail:  mohara@qclaw.com