IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LISA K. FISHERING,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    No. 07 C 6650 |
| | ) |
| **CITY OF CHICAGO, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Eugene White's ("White") partial motion to dismiss. For the reasons stated below, we deny the partial motion to dismiss.

### BACKGROUND

Plaintiff Lisa K. Fishering ("Fishering") alleges that she is an interior designer. Fishering contends that in 2006, White and his wife hired Fishering to provide interior design services on a home that the Whites were "rehabbing." (Compl. Par. 9). According to Fishering, a dispute arose concerning her services for the Whites. Subsequently, on August 17, 2007, Defendant Officer James Spratte ("Spratte"), a police officer for Defendant City of Chicago ("City"), allegedly came

1

to Fishering's home to speak with her. Fishering was allegedly absent and Spratte left a message for Fishering to call him. Fishering claims that when she called Spratte, he told her that he was the uncle of White's wife and he was calling on her behalf because Fishering owed the Whites money. Spratte allegedly threatened Fishering that if she did not "make things right," she would be arrested. (Compl. Par. 12).

On September 17, 2007, White allegedly left a voicemail with a business associate of Fishering ("Associate"), indicating that Fishering had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest. (Compl. Par. 13). On September 19, 2007, Defendant Detective Terance Nalls ("Nalls") left a voicemail message with the Associate, identifying himself as a detective. Later on September 19, 2007, Fishering and the Whites exchanged emails and the Whites demanded that Fishering return their money. On September 26, 2007, Fishering's counsel was allegedly informed that an arrest warrant had been issued for Fishering and Fishering turned herself in to the police. Fishering was allegedly held for six hours and then released without being charged. Fishering brought the instant action and includes in her complaint false arrest and false imprisonment claims brought against Spratte and Nalls, (Count I), a *Monell* claim brought against the City (Count I), an intentional infliction of emotional distress claim brought against Spratte and

Nalls (Count II), and a defamation *per se* claim brought against White (Count III). Spratte, Nalls, and the City filed an answer to the claims brought against them and White filed a partial motion to dismiss the defamation claim (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal

3

courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

White argues that the allegations in the complaint are not sufficient to state a

valid defamation *per se* claim against him.  A statement is deemed to be a defamatory statement "if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with her." *Bryson v. News America Publications, Inc.*, 672 N.E.2d 1207, 1214 (Ill. 1996).  If a defamatory statement is deemed to be defamatory *per se*, "the plaintiff need not plead or prove actual damage to her reputation to recover." *Id.*  For statements that are not defamatory *per se*, "the plaintiff must plead and prove that she sustained actual damage of a pecuniary nature . . . to recover." *Id.*  Illinois law recognizes the following four categories of statements that are deemed actionable *per se*: "(1) words that impute the commission of a criminal offense; (2) words that impute infection with a loathsome communicable disease; (3) words that impute an inability to perform or want of integrity in the discharge of duties of office or employment; or (4) words that prejudice a party, or impute lack of ability, in his or her trade, profession or business." *Id.* at 1214-15.  In the instant action, Fishering contends that the alleged statements made by White to the Associate conveyed the impression that Fishering had committed a crime.

I.  Allegation of Exact Defamatory Words

    White argues that Fishering is required to specifically allege in her complaint

the exact words stated by White that were defamatory. White points to the portion of the complaint that indicates in quotes that he told the Associate that Fishering had "skipped town," which White argues is insufficient to support a defamation claim. (Compl. Par. 13). However, White is taking the quotation "skipped town" out of context and White is not applying the proper pleading standard.

Under the federal notice pleading standard, a plaintiff must allege sufficient facts to place the defendant on notice of the claims being brought. *Kyle*, 144 F.3d at 454-55. A plaintiff must only allege sufficient facts to "plausibly suggest" that the plaintiff has a meritorious claim against the defendant. *Concentra*, 496 F.3d at 776. There is no heightened pleading standard for defamation claims in federal courts as White proposes. White fails to cite to any controlling precedent to support his proposition. Instead, White cites *Seith v. Chicago Sun-Times, Inc.*, 861 N.E.2d 1117, 1121 (Ill. App. Ct. 2007), a state court case applying the state pleading standard. (Mot. 3). Although, we have supplemental jurisdiction over the defamation claim and Illinois state law governs the substantive aspects of the defamation claim, the federal pleading rules still apply for the claim. *See, e,g, Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(stating in a diversity action that "the 'Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction'")(quoting in part *Hefferman v. Bass*, 467 F.3d 596, 599

(7th Cir. 2006)).

White also cites *Robinson v. Morgan Stanley*, 2007 WL 2815839 (N.D. Ill. 2007). (Mot. 2). However, *Robinson* is not controlling precedent. In addition, even if we were to follow *Robinson*, Fishering has alleged sufficient facts to state a defamation claim. In *Robinson*, the court stated that "a plaintiff's defamation claims are not subject to the heightened pleading standards of Rule 9." *Id.* at *7. The court in *Robinson* also stated that "[a]lthough plaintiffs are required to set forth the defamatory language with enough specificity for the defendant to respond appropriately, plaintiffs '*need not allege the defamatory language verbatim.*'" *Id.* (quoting in part *Flentye v. Kathrein*, 2007 WL 1175576, at *11 (N.D. Ill. 2007))(emphasis added). As we will explain in detail below, Fishering has alleged sufficient facts concerning the defamatory language that was allegedly spoken by White for White to respond to the claim.

White also cites *Graves v. Man Group USA, Inc.*, 479 F. Supp.2d 850, 854 (N.D. Ill. 2007), which is not controlling precedent. (Reply 1). In addition, even if we applied the holding in *Graves*, Fishering would have stated a proper claim. The court in *Graves* emphasized that "a key inquiry is whether [the plaintiff's] pleading provided [the defendant] with 'sufficient information to construct a responsive pleading.'" *Id.* (quoting *Goldstein v. Kinney Shoe Corp.*, 931 F. Supp. 595, 597

(N.D. Ill. 1996)). As will be explained below, in addition to the quotation provided in the complaint, Fishering has provided additional allegations that provide White with sufficient information to formulate a responsive pleading. White thus incorrectly asserts that he is entitled to have the defamation claim dismissed simply because the only words in quotations in the complaint were that Fishering "skipped town." (Compl. Par. 13).

II. Contention that Statement was False

White also argues that Fishering failed to allege that the alleged defamatory statements made to the Associate were false. A plaintiff bringing a defamation claim under Illinois law must show that the defamatory statement was false. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 698 (7th Cir. 2006). For the purposes of a motion to dismiss, we are required to construe the allegations in the complaint in a manner most favorable to Fishering. *Thompson*, 300 F.3d at 753. Based on the allegations in the complaint, it is clear that Fishering contends that the statements by White to the Associate indicating that Fishering had committed fraud and was fleeing from police were false statements. In addition, Fishering specifically alleges that in the "voicemail message" left by White, he "*falsely*, intentionally, and maliciously portrayed [Fishering] as having committed a crime and . . . therefore [the message

was] defamatory *per se*." (Compl. Par. 28)(emphasis added). Thus, White is not correct that Fishering failed to allege that White's statements were false.

III. Allegations to Support Defamation *Per Se* Claim

White argues that the allegations in the complaint are insufficient to state a valid defamation *per se* claim. White argues that "[a] person may 'skip town' for any number of reasons, virtually all of which would have nothing to do with having committed a criminal act." (Reply 3). Fishering alleges more than that White simply told the Associate that Fishering "skipped town." (Comp. Par. 13). Fishering alleges that White called the Associate and left a voicemail message. (Compl. Par. 13). Fishering further alleges that White stated on the message that Fishering "had taken $45,000 and 'skipped town' and that a warrant had been issued for her arrest on fraud charges." (Compl. Par. 13). According to Fishering, she had not committed any crime and she had not left town to avoid arrest. (Compl. Par. 13, 16, 28). For the purposes of a motion to dismiss, we must construe the allegations in a manner most favorable to Fishering and accept as true her allegations. *Thompson*, 300 F.3d at 753. The alleged statement made by White that Fishering had "skipped town" along with an explanation from White that Fishering had taken a large sum of money and was being pursued by the police, could reasonably have been interpreted by the

Associate to convey the fact that Fishering had stolen money and had fled town to avoid apprehension by the police. The indication that Fishering had stolen money and that she was fleeing from the police, both of which Fishering contends were false, are statements imputing the commission of a criminal offense to Fishering and are sufficient to support a valid defamation *per se* claim. We note that we are merely concluding at the pleadings stage, based upon the allegations in the complaint, construed in the manner most favorable to Fishering, that Fishering has stated a valid defamation *per se* claim. At the summary judgment stage, Fishering will not be able to rely on her allegations and will need to point to sufficient evidence to support her claim. *See Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006)(stating that "even if a statement falls into one of the categories of words that are defamatory *per se,* it will not be actionable *per se* if it is reasonably capable of an innocent construction"). Therefore, we deny White's motion to dismiss the defamation *per se* claim (Count III).

## CONCLUSION

Based on the foregoing analysis, we deny White's partial motion to dismiss the defamation *per se* claim (Count III).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 27, 2008