UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Der-Yeghiayan |
| vs. ) | Case No. 07 C 6650 |
| ) | |
| CITY OF CHICAGO, JAMES SPRATTE ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| EUGENE WHITE, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LISA K. FISHERING, ) | |
| ) | |
| Counter-Defendant. ) | |

## PLAINTIFF LISA K. FISHERING'S ANSWER TO COUNTER-PLAINTIFF EUGENE WHITE'S COUNTERCLAIM

Plaintiff Lisa K. Fishering answers Counter-Plaintiff Eugene White's Counterclaim as follows:

1. White resides in Chicago, Cook County, Illinois at 10609 S. Fairfield. White purchased the home at that location with his wife in the Summer of 2006.

**ANSWER:**

Plaintiff admits that White resides in Chicago, Cook County, Illinois but neither admits nor denies the remainder of paragraph 1 of the Counterclaim due to insufficient knowledge.

2. On information and belief, Fishering resides in Chicago, Cook County, Illinois. Fishering purports to operate an interior design company named Whizbang Incorporated.

However, Whizbang Incorporated is not a legal entity as it is not licensed to do business in Illinois.

**ANSWER:**

Plaintiff admits that she resides in Chicago, Cook County, Illinois and operates an interior design company named Whizbang, Inc. Plaintiff further states that Whizbang, Inc. is incorporated and licensed in Indiana and denies the remaining allegations of paragraph 2 of the Counterclaim.

3. In 2006, White retained a contractor, Joe Bell, to perform extensive renovations on the home that he had purchased. Bell recommended to White that he retain Fishering to provide interior decoration services for his new home.

**ANSWER:**

Plaintiff neither admits nor denies paragraph 3 of the Counterclaim due to insufficient knowledge.

4. Thereafter, White met Fishering and hired her to provide interior decorating services for his home. Although no written contract was executed between White and Fishering, the parties agreed that Fishering would assist White in decorating his new home, and that Fishering would be paid a per hour service fee for the work that she performed. Fishering was not to be paid any monies for the furniture and accessories that were purchased for the house, but rather White would pay the actual cost of all such furniture and accessories.

**ANSWER:**

Plaintiff admits that Eugene and Michele White hired her to provide interior design services for a home they were rehabbing in Chicago but deny the remaining allegations of paragraph 4 of the Counterclaim.

5. From October 18, 2006 through May 3, 2007, White wrote five checks to Fishering's purported company, Whizbang Incorporated, in the total amount of $55,535.51. Each of the five checks were cashed by Fishering. The checks were written based primarily

2

upon invoices that Fishering provided to White purportedly evidencing furniture that Fishering had ordered for White's home.

**ANSWER:**

Plaintiff admits that White paid Whizbang money amounting to approximately $55,535.51 but denies the remaining allegations of paragraph 5 of the Counterclaim.

6.　　For example, in October 2006, Fishering provided an invoice to White that purported to be from Walter E. Smithe (Exhibit A). The invoice contained a date of October 4, 2006, and purported to identify merchandise that Fishering had ordered for White from Walter E. Smithe. The invoice also appeared to reflect that after the sales tax was applied and a trade discount was granted, Fishering had paid $15,301.10 to Walter E. Smithe. Fishering provided the invoice to White in order to induce him to pay her the amount of money that she purportedly paid to Walter E. Smithe for the furniture.

**ANSWER:**

Exhibit A speaks for itself. Plaintiff denies the remaining allegations of paragraph 6 of the Counterclaim.

7.　　In reliance of the invoice, on October 18, 2006, White wrote a check to Fishering's company in the amount of $17,301.10. This amount reflected the amount contained in the purported Walter E. Smithe invoice that Fishering had provided to White, as well as a payment of $2,000 to Fishering as her fee for the work that she had performed for White.

**ANSWER:**

Plaintiff denies the allegations of paragraph 7 of the Counterclaim.

8.　　The October 4, 2006 invoice was a fraud. Walter E. Smithe has confirmed that it did not issue the invoice, and that it never received payment of $15,301.10 from Fishering. The

actual invoice issued to Fishering by Walter E. Smithe provided that the total amount of the purchasers was $13,816.41, and that Fishering had paid only $6,908. (Exhibit B).

**ANSWER:**

Plaintiff denies the allegations of paragraph 8 of the Counterclaim.

9. Fishering manufactured and forged the invoice in order to fraudulently induce White to pay money to her, which he did in reliance on the forged invoiced that had been submitted.

**ANSWER:**

Plaintiff denies the allegations of paragraph 9 of the Counterclaim.

10. Subsequent to White's payment of the fraudulent invoice, Fishering continued to invoice White for furniture that she purportedly purchased on his behalf. As stated, in total White paid $55,535.51 to Fishering.

**ANSWER:**

Plaintiff admits that White paid Fishering money amounting to approximately $55,535.51 but denies the remaining allegations of paragraph 10 of the Counterclaim.

11. Despite the payment of in excess of $55,000 to Fishering, White has received only two chairs valued at $4,041.24, one lamp valued at $225, and plumbing fixtures valued at $5,156. Even taking into consideration the $2,000 service fee charged by Fishering, in total White has received furniture and services valued at $11,422.24. Thus, White has paid to Fishering at least $44,113.27 for which he has received no goods or services.

**ANSWER:**

Plaintiff denies the allegations of paragraph 11 of the Counterclaim.

4

12. White has made repeated demands since the summer of 2007 that Fishering provide the furniture that he paid for, or return the $44,113.27 to him. However, Fishering has refused to do either.

**ANSWER:**

Plaintiff denies the allegations of paragraph 12 of the Counterclaim

## Count I
## Breach of Contract

13. White hereby realleges Paragraphs 1 through 11 of his Counterclaim as though fully set forth herein as Paragraph 12.

**ANSWER:**

Plaintiff realleges her answers to paragraphs 1-12 above as set forth herein.

14. White and Fishering entered into an oral contract for Fishering to provide interior decorating services for White's home.

**ANSWER:**

Plaintiff admits the allegations of paragraph 14 of the Counterclaim.

15. Pursuant to the oral contract, White paid to Fishering $55,535.51 for furniture and services. Fishering has provided furniture and services with a value of only $11,422.24.

**ANSWER:**

Plaintiff admits White paid Fishering money amounting to approximately $55,535.51 but denies the remaining allegations of paragraph 15 of the Counterclaim.

16. Fishering has breached the parties' contract by failing to provide the furniture for which she billed White, and for which White has paid.

**ANSWER:**

Plaintiff denies the allegations of paragraph 16 of the Counterclaim.

17. White has been damaged by Fishering's failure to provide the furniture for which she billed him, and for which he has paid. White has been damaged in the amount of approximately $44,113.27.

**ANSWER:**

Plaintiff denies the allegations of paragraph 17 of the Counterclaim.

WHERFORE, Plaintiff denies that Counter-Plaintiff is entitled to the relief prayed for in Count I of the Counterclaim.

### Count II
### Unjust Enrichment

18. White hereby realleges Paragraphs 1 through 16 of his Counterclaim as though fully set forth herein as Paragraph 17.

**ANSWER:**

Plaintiff realleges her answers to paragraphs 1 through 16 above as fully set forth herein.

19. White paid to Fishering $55,535.51. Fishering provided furniture and services in the amount of $11,422.24.

**ANSWER:**

Plaintiff admits White paid money amounting to approximately $55,535.51 but denies the remaining allegations of paragraph 19 of the Counterclaim.

20. Fishering has retained $44,113.27 of White's money for which she provided no goods or services. It would violate fundamental principles of equity and good conscience for Fishering to retain the $44,113.27.

6

**ANSWER:**

Plaintiff denies the allegations of paragraph 20 of the Counterclaim.

WHEREFORE, Plaintiff denies that Counter-Plaintiff is entitled to the relief prayed for in Count II of the Counterclaim.

### Count III
### Fraud

21. White hereby realleges Paragraphs 1 through 19 of his Counterclaim as though fully set forth herein as Paragraph 20.

**ANSWER:**

Plaintiff realleges her answers to paragraphs 1 through 19 above as fully set forth herein.

22. Fishering submitted at least one forged invoice to White that contained false information, including a representation that Fishering had paid $15,301.10 to Walter E. Smithe.

**ANSWER:**

Plaintiff denies the allegations of paragraph 22 of the Counterclaim.

23. Fishering knew that the invoice contained false information.

**ANSWER:**

Plaintiff denies the allegations of paragraph 23 of the Counterclaim.

24. Fishering submitted the invoice to White to induce him to pay monies to her.

**ANSWER:**

Plaintiff denies the allegations of paragraph 24 of the Counterclaim.

25. White relied on the accuracy of the invoice and made a payment to Fishering that included the amount set forth on the false invoice.

**ANSWER:**

Plaintiff denies the allegations of paragraph 25 of the Counterclaim.

26. White was damaged as a result of his reliance on the false invoice upon his payment of the amount set forth on the invoice.

**ANSWER:**

Plaintiff denies the allegations of paragraph 26 of the Counterclaim.

WHEREFORE, Plaintiff denies that Counter-Plaintiff is entitled to the relief prayed for in Count III of the Counterclaim.

Respectfully Submitted:

_____
STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Charles E. McElvenny
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400