UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Der-Yeghiayan |
| vs. ) | Case No. 07 C 6650 |
| ) | |
| CITY OF CHICAGO, JAMES SPRATTE ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO COMPEL DEFENDANTS TERANCE NALLS' AND JAMES SPRATTE'S OUTSTANDING DISCOVERY RESPONSES**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Lisa K. Fishering hereby moves this Court to enter an Order compelling defendants James Spratte ("Spratte") and Terance Nalls ("Nalls") (collectively referred to herein as "defendants") to respond to plaintiff's First Set of Interrogatories and Request for Production. In support of this Motion, plaintiff states as follows:

**Background**

Eugene and Michelle White hired and paid certain monies to plaintiff to provide interior design services for a home they were rehabbing in Chicago. Thereafter, a dispute arose between plaintiff and the Whites regarding plaintiff's services. On or about August 17, 2007, defendant Spratte came to plaintiff's home and spoke to her daughter Meret. Spratte identified himself as a Chicago Police detective and told Meret that he had business with her mother. On hearing that plaintiff was not home, Spratte left a message with Meret and departed. After returning home, plaintiff called Spratte; he informed her

that he was a Chicago Police detective. Spratte stated that he was calling plaintiff on Michelle's behalf because plaintiff owed her money.

On or about September 17, 2007, Eugene allegedly left a voice mail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges. On or about September 19, 2007, defendant Nalls allegedly left a voicemail message with the same business associate identifying himself as a detective and asking that plaintiff call him. After plaintiff heard Nalls' voicemail message, she and the Whites exchanged emails.

To avoid the embarrassment of being taken into custody, plaintiff and her counsel met voluntarily with defendant Nalls on or about October 2, 2007 at Area 2 Financial Crimes headquarters of the Chicago Police Department at 727 East 111th Street in Chicago. At that time and place, plaintiff was placed under arrest for felony theft by deception and held in a jail cell for the next 6 hours. She was then released without being charged.

As a result, on November 27, 2007, plaintiff filed a three-count complaint alleging (1) unlawful arrest and imprisonment against defendants Spratte, Nalls and the City of Chicago; (2) intentional inflection of emotional distress against defendants Spratte and Nalls; and (3) defamation per se against Eugene White ("White"). On April 16, 2008, White filed a counterclaim against plaintiff alleging (1) breach of contract; (2) unjust enrichment; and (3) fraud.

### Defendants Spratte and Nalls Failed to Respond to Plaintiff's Written Discovery Requests.

On March 11, 2008, pursuant to F.R.C.P. 33(a) and F.R.C.P 34(a), plaintiff served Interrogatories and Production Requests to defendants Spratte and Nalls. (See

2

Interrogatories and Request to Produce attached hereto as Exhibit A). To date, plaintiff has not received responses from defendants to the outstanding discovery requests. In addition, plaintiff had noticed defendants' depositions as follows: June 3, 2008 (Spratte and Nalls), June 5, 2008 (representative of the City of Chicago) and June 25, 2008 (Eugene and Michelle White).

On April 16, 2008, pursuant to F.R.C.P. 37, plaintiff's counsel requested defendants' responses to plaintiff's discovery requests. The parties agreed that defendants would have an extension until May 16, 2008 to complete the outstanding written discovery. (See Letters of April 16, 2008 and April 18, 2008 attached hereto as Exhibits B and C, respectively). On May 12, 2008, defendants' counsel informed plaintiff's counsel that Spratte's and Nalls' written discovery would not be completed by May 16, 2008 since his clients did not show up for a meeting and counsel was leaving for vacation. (See Letter of May 12, 2008, attached hereto as Exhibit D). Due to the upcoming depositions, plaintiff's counsel insisted – to no avail – that defendants' comply with the outstanding discovery requests by May 16, 2008. (Ex. D).

Pursuant to F.R.C.P 37, plaintiff's counsel has made numerous good faith attempts to resolve the parties' differences, including agreeing to extending the deadline by which defendants were to respond to plaintiff's outstanding discovery. However, defendants failed to respond. Given the upcoming deposition dates and the inflexible attitude of defendants, any further attempts at resolving differences would not only be futile but contrary to the court's significant interest in justice and fair play.

## **Argument**

### A.     **Standard of Relevance**

In pertinent part, F.R.C.P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." Discovery is intended to be a mechanism for the ascertainment of truth, for the purpose of promoting a fair settlement or a fair trial. It is not a tactical game to be used to obstruct or harass the opposing litigant. *Ostendorf v. International Harvester Co.*, 433 N.E. 2d 253, 257 (1982). It requires full disclosure and promotes exploration and the avoidance of surprise. *Payne v. Coates-Miller, Inc.*, 386 N.E.2d 398, 402 (1st Dist. 1979). The issues towards which the Plaintiff's discovery is directed are the core of this proceeding.

### B.     **Defendants Spratte and Nalls Should Be Ordered to Answer Plaintiff's First Set of Interrogatories and Request to Produce.**

Plaintiff's discovery is aimed at obtaining evidence concerning, but not limited to, (1) whether probable cause existed; and (2) whether plaintiff's arrest and imprisonment were unlawful. This written discovery is consistent with F.R.C.P. 26(b)(1), seeking a "matter relevant to the subject matter" at issue. This information is necessary to prove plaintiff's case that her arrest and imprisonment were unlawful because they were without probable cause. Accordingly, defendants' present failure to provide full and complete responses to plaintiff's First Set of Interrogatories and Request to Produce is preventing plaintiff from obtaining the information necessary and relevant to the prosecution of her claim and to proceed with the upcoming depositions.

4

**Conclusion**

For the foregoing reasons, plaintiff respectfully requests that this Court enter an Order (1) compelling defendants James Spratte and Terance Nalls to respond to plaintiff's First Set of Interrogatories and Request to Produce issued on March 11, 2008; (2) requiring defendants to provide plaintiff with three dates in the month of July on which the depositions of James Spratte and Terance Nalls may be taken; and (3) pursuant to F.R.C.P. 37(4)(A), ordering defendants and/or their counsel to pay all attorneys' fees and costs associated with plaintiff's repeated efforts to compel responses to discovery.

Respectfully submitted:

*/s/ Abeer H. Z.*
STEVEN J. ROSENBERG, P.C.
Attorney for Plaintiff Lisa K. Fishering

Abeer H. Zanayed
STEVEN J. ROSENBERG, P.C.
Attorney for Plaintiff Lisa K. Fishering
53 West Jackson Blvd., Suite 224
Chicago, Illinois 60604
(312) 362-0400
(312) 431-8694 (fax)