UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | Judge Der-Yeghiayan |
| vs. ) | Case No. 07 C 6650 |
|  ) | |
| CITY OF CHICAGO, JAMES SPRATTE ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, ) | |
|  ) | |
| Defendants. ) | |

## PLAINTIFF LISA K. FISHERING'S RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiff Lisa K. Fishering makes the following disclosures of information:

**1(A)  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information:**

**RESPONSE:**

(1) **Plaintiff.**  Plaintiff possesses discoverable information relating to all of the claims and allegations contained in her complaint against Defendants.

(2) **Representative(s) of the City of Chicago.**  It is believed that a representative of the City of Chicago may possess information relating to adequately training and supervising police officers with respect to probable cause.

(3) **James Spratte**.  It is believed that James Spratte may possess information relating to the false arrest/imprisonment of Plaintiff and his relationship with the Whites.

(4) **Terance Nalls**.  It is believed that Terance Nalls may possess information relating to the false arrest/imprisonment of Plaintiff.

(5) **Eugene White**.  It is believed that Eugene White may possess information relating to his and Michelle's contract with Plaintiff for interior design services and the dispute that arose therefrom that led to Plaintiff's arrest.

(6) **Michelle White.**  It is believed that Michelle White may possess information relating to her and Eugene's contract with Plaintiff for interior design services and the dispute that arose therefrom that led to Plaintiff's arrest.

(7) **Denise Kendall.**  It is believed that Denise Randall may possess information relating to the alleged defamatory voicemail message Eugene White left on her answering machine.

**1(B)   A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

**RESPONSE**: Plaintiffs currently have possession of the following documents, which will be made available to Defendant for inspection:

- Invoices and respective receipts billed to the Whites dated 10/2/06, 10/10/06, 1/25/07, 2/2/07, 2/21/07, 4/4/07, 5/3/07, and 6/1/07.

- Checks paid by Eugene White dated 10/18/06, 2/6/07, 2/27/07, 4/9/07, and 5/3/07.

- Walter E. Smithe Invoice and Receipts dated 10/4/06.

- Email from Rosemary Larkner to Whizbang dated 12/29/06.

- Lisa Fishering's credit card statements dated 2/2/07, 2/20/07, 3/4/07, 4/3/07, 4/19/07, 6/17/06 and 7/9/07.

- Correspondence from Whizbang dated 10/5/06.

- Correspondence from Whizbang to S. Hall dated 9/5/06.

- Investigative alert dated 9/26/07.

- Tape recording message from G. White to D. Kendall.

- Walter E. Smithe Terms and Conditions.

- Email from M. White to L. Fishering dated 7/20/07.

- Email from D. Kendall to L. Fishering dated 9/19/07.

- Email correspondence between L. Fishering and the Whites dated 9/19/07-9/20/07.

- Correspondence from M. Duffy to L. Fishering dated 8/22/07.

- Copy of envelope and post-it note from G. White dated 4/10/07.

**1(C)  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

**RESPONSE**:  As a civil rights/personal injury case, damages are not subject to precise calculation.  Plaintiff's request for compensatory and punitive damages is based on the nature and extent of the injuries suffered and the conduct of the defendants.

**1(D)  Provide for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

**RESPONSE**:  Not applicable.

Respectfully submitted:


    **s/Abeer H. Zanayed**
Abeer H. Zanayed
Attorney for Lisa K. Fishering
STEVEN J. ROSENBERG, P.C.
Attorney for Plaintiff
53 W. Jackson Boulevard, Suite 224
Chicago, Illinois 60604
(312) 362-0400
azanayed@sjrosenberg.com

3