UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Der-Yeghiayan |
| vs. ) | Case No. 07 C 6650 |
| ) | |
| CITY OF CHICAGO, JAMES SPRATTE ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO COMPEL DEFENDANT CITY OF CHICAGO'S RESPONSES TO DISCOVERY AND FOR ENTRY OF AN AGREED PROTECTIVE ORDER

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Lisa K. Fishering hereby moves this Court to enter an Order compelling defendant City of Chicago to respond to plaintiff's Request for Production and for entry of an Agreed Protective Order. In support of its motion plaintiff states as follows:

### Background

Eugene and Michelle White hired plaintiff to provide interior design services for a home the Whites were rehabbing in Chicago. Thereafter, a dispute arose between plaintiff and the Whites regarding plaintiff's services. On or about August 17, 2007, defendant Spratte came to plaintiff's home and spoke to her daughter Meret. Spratte identified himself as a Chicago Police detective and told Meret that he had business with her mother. On hearing that plaintiff was not home, Spratte left a message with Meret and departed. Plaintiff returned Spratte's call and Spratte informed plaintiff that he was a Chicago Police detective. Spratte stated that he was calling plaintiff on Michelle's behalf because plaintiff owed her money.

On or about September 17, 2007, Eugene left a voice mail message with a business associate of plaintiff stating that plaintiff had taken $45,000 and "skipped town" and that a warrant had been issued for her arrest on fraud charges. On or about September 19, 2007, defendant Nalls left a voicemail message with the same business associate identifying himself as a detective and asking that plaintiff call him.

To avoid the embarrassment of being taken into custody, plaintiff and her counsel met voluntarily with defendant Nalls on or about October 2, 2007 at Area 2 Financial Crimes headquarters of the Chicago Police Department at 727 East 111th Street in Chicago. At that time and place, plaintiff was placed under arrest for felony theft by deception and held in a jail cell for the next 6 hours. Plaintiff was subsequently released without being charged.

On November 27, 2007, plaintiff filed a three-count complaint alleging (1) unlawful arrest and imprisonment against defendants Spratte, Nalls and the City of Chicago; (2) intentional inflection of emotional distress against defendants Spratte and Nalls; and (3) defamation per se against Eugene White ("White"). On April 16, 2008, White filed a counterclaim against plaintiff alleging (1) breach of contract; (2) unjust enrichment; and (3) fraud.

## Standard

F.R.C.P. 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." Discovery is intended to be a mechanism for the ascertainment of truth, for the purpose of promoting a fair settlement or a fair trial. It is not a tactical game to be used to obstruct or harass the opposing litigant. *Ostendorf v. International Harvester Co.*, 433 N.E. 2d

2

253, 257 (1982). It requires full disclosure and promotes exploration and the avoidance of surprise. *Payne v. Coates-Miller, Inc.*, 386 N.E.2d 398, 402 (1st Dist. 1979).

### Defendant City of Chicago Has Failed to Respond to Plaintiff's Written Discovery Requests.

On March 11, 2008, pursuant to F.R.C.P. 33(a) and F.R.C.P 34(a), plaintiff served Interrogatories and Production Requests (hereinafter referred to as the "Outstanding Discovery") to defendant City of Chicago. (See Interrogatories and Request to Produce attached hereto as Exhibit A). Plaintiff has also scheduled the following depositions:

1) Terance Nalls – 7/10/08 at 10am
2) James Spratte – 7/10/08 at 2pm
3) Detective Helen L. Carpenter – 7/15/08 at 2pm
4) T. Edmond – 7/17/08 at 10am
5) Timothy Koren – 7/17/08 at 2pm
6) Officer Michael Micetic – 7/22/08 at 10am
7) Sheila R. Fulks – 7/22/08 at 2pm
8) Officer Debtra D. Daniel – 7/23/08 at 10am
9) Sergeant Moore – 7/23/08 at 2pm
10) Sergeant Beck – 7/29/08 at 10am
11) Eugene White – 7/29/08 at 2pm
12) Michelle White – 7/28/08 at 10am

On April 16, 2008, pursuant to F.R.C.P. 37, plaintiff's counsel requested defendant's responses to the Outstanding Discovery. The parties agreed that defendant would have an extension until May 16, 2008 to complete the Outstanding Discovery. (See Letters of April 16, 2008 and April 18, 2008 attached hereto as Exhibits B and C, respectively). On May 1, 2008, counsel for the City of Chicago requested additional time to respond to the Outstanding Discovery; plaintiff agreed to a second extension to May 16, 2008. (See Correspondence attached hereto as Exhibit D). On May 19, 2008, counsel for the City of Chicago informed plaintiff's counsel that responses to the Outstanding Discovery were locked in her law clerk's desk and could not be accessed

until later that week. (See Correspondence attached hereto as Exhibit E). Plaintiff's counsel insisted that due to the upcoming depositions[1], defendant's Outstanding Discovery should be in plaintiff's counsel's office no later than May 23, 2008.

On May 23, 2008, plaintiff received partial, unverified responses to the Outstanding Discovery. Defendant's counsel advised that the remaining production would be produced pursuant to entry of a protective order. (See Correspondence, Answer to Interrogatories and Answers to Request for Production attached hereto as Exhibit F). Plaintiff has agreed to entry of the Protective Order. (See Protective Order attached hereto as Exhibit G). On June 4, 2008, plaintiff's counsel advised defendant's counsel that the agreed Protective Order must be noticed as a routine motion in front of the Court. (See E-mail attached hereto as Exhibit H). On June 16, 2008, plaintiff's counsel again requested that defendant enter the agreed Protective Order. (See E-mail attached hereto as Exhibit I). On June 23, 2008, plaintiff's counsel left defendant's counsel a voicemail requesting that defendant enter the agreed Protective Order and to produce the requested documents immediately or plaintiff would be forced to file a motion to compel. To date, plaintiff has not heard from defendant's counsel regarding responses to the Outstanding Discovery or the agreed Protective Order.

The documents and answers sought by Plaintiff go to the core of this proceeding. Specifically, Plaintiff's Outstanding Discovery is designed to obtain evidence concerning, but not limited to, (1) whether probable cause existed; and (2) whether plaintiff's arrest and imprisonment were unlawful. Therefore, the Outstanding Discovery

---

[1] Plaintiff had previously scheduled depositions for June 3, 2008 (Spratte and Nalls), June 5, 2008 (representative of the City of Chicago) and June 25th (Eugene and Michelle White). However, due to the delayed responses to the Outstanding Discovery from Defendants Nalls, Spratte and the City of Chicago, the deposition notices have been rescheduled to the dates set forth *supra*.

is consistent with F.R.C.P. 26(b)(1). Moreover, defendant's failure to provide full and complete responses is hindering plaintiff's ability to comply with this Court's discovery schedule.[2] Without defendant's Outstanding Discovery, plaintiff will not be able to proceed with the upcoming depositions nor disclose her expert reports in the timeframe set by this Court.

Pursuant to F.R.C.P. 37, plaintiff's counsel has made several good faith efforts to resolve this discovery dispute, including multiple extensions of discovery deadlines. Defendant has still failed to respond. Given the upcoming deposition dates and the inflexible attitude of defendant, any further attempts at resolving differences would be futile.

### Conclusion

For the foregoing reasons, plaintiff respectfully requests that this Court enter an Order (1) compelling defendant City of Chicago to fully respond to plaintiff's First Set of Interrogatories and Request to Produce issued on March 11, 2008 within three business days; (2) enter the Agreed Protective Order (Ex. G); and (3) pursuant to F.R.C.P. 37(4)(A), ordering defendants and/or their counsel to pay all attorneys' fees and costs associated with plaintiff's repeated efforts to compel responses to discovery.

Abeer H. Zanayed
STEVEN J. ROSENBERG, P.C.
53 West Jackson Blvd., Suite 224
Chicago, Illinois 60604
(312) 362-0400
(312) 431-8694 (fax)

Respectfully submitted:

_____
STEVEN J. ROSENBERG, P.C.
Attorney for Plaintiff Lisa K. Fishering

---

[2] The Court ordered the parties to complete discovery on or before September 5, 2008 with plaintiff's expert disclosures and reports due on August 8, 2008.