UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| vs. | ) | Case No. 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

TO:   Martin O'Hara
     Quinlan & Carroll, Ltd.
     30 N. LaSalle St., #2900
     Chicago, IL 60602

     Alec McAusland
     Assistant Corporation Counsel
     City of Chicago Law Department
     30 N. LaSalle St., #1400
     Chicago, IL 60602

     Megan K. McGrath
     Assistant Corporation Counsel
     30 N. LaSalle St., #1400
     Chicago, IL 60602

    I, an attorney, state that I served a copy of the **Plaintiff's First Set of Interrogatories to Defendant City of Chicago, Plaintiff's First of Request for Production to Defendant City of Chicago; Plaintiff's First Set of Interrogatories to Defendant Terance Nalls, Plaintiff's First Set of Request for Production to Defendant Terance Nalls; Plaintiff's First Set of Interrogatories to Defendant James Spratte, Plaintiff's First Set of Request for Production to Defendant James Spratte** on the above named persons by depositing same in a U.S. Mailbox, proper postage prepaid, on this 11th day of March 2008 before 5:00 P.M.

STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Charles E. McElvenny
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400

**EXHIBIT**

NO.   A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| vs. | ) | Case No. 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF CHICAGO

Plaintiff Lisa K. Fishering, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the interrogatories set forth below upon Defendant City of Chicago, to be answered fully in writing under oath within thirty (30) days:

1.     Identify the person(s) answering these Interrogatories and the basis of their knowledge.

2.     State the full name, address, and telephone number of any and all individuals with knowledge of the facts of this case.

3.     When did defendant police officers James Spratte (Spratte) and Terance Nalls (Nalls) become employed by the City of Chicago Police Department (Police Department)?

4.     State with specificity the City of Chicago's educational and/or training requirements for individuals hired as officers by the Police Department at the time Spratte and Nalls were hired.

5.     State with specificity Spratte's and Nalls' assignments, duties and assigned districts on August 17, 2007, September 26, 2007 and October 2, 2007?

6.     Describe in detail the City of Chicago's policies and procedures for responding to police misconduct claims.

7.     Does the Police Department have procedures in place to ensure the supervision of its officers? If the answer to this interrogatory is in the affirmative, state:

a. The Police Department's statement or policy regarding the supervision of its officers;
b. The procedures to ensure the supervision of officers;
c. The name, title and rank of each individual in a position to review and enforce the Police Department's supervision of officers Spratte and Nalls.

8.   Have Officers Spratte and/or Nalls ever been the subject of any complaints, claims or charges of official misconduct or abuse of civil rights?  If yes, state:

a. The date and place of each complaint;
b. The name and address of each complainant;
c. The individual who recorded each complaint;
d. In detail, the allegations of each complaint; and
e. Whether the Police Department investigated any of the complaints.

9.   If the Police Department investigated any complaint identified in Interrogatory 8(e), state the following with regard to each investigation:
a. The name and rank (or title, including badge number if appropriate), of the individual who conducted the investigation;
b. The finding of each investigation;
c. The determination of each investigation;
d. The disciplinary action taken against any officer or party as a result of the investigation or complaint.

10.   Is the City of Chicago aware of any conversations or statements made by any person at any time regarding to the allegations in the Complaint?  If the answer to this interrogatory is in the affirmative, state the following:

a. The date or dates of such conversations and/or statements;
b. The place of such conversations and/or statements;
c. All persons present for the conversations and/or statements;
d. The subject matter of the conversations and/or statements;
e. Whether the conversation was oral, written and/or recorded; and
f. Who has possession of the statement if written and/or recorded.

11.   Does defendant contend that plaintiff was detained in a reasonable manner?  If the answer is in the affirmative, please set forth all facts in support of such contention.

12.   Does defendant contend plaintiff was detained by one authorized to make arrests?  If the answer is in the affirmative, please set forth all facts in support of such contention.

13.   Pursuant to Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4)(A), provide the name and address of each expert witness who will testify at trial and provide the following:

    a.   A complete statement of all opinions to be expressed by the expert and the basis and reasons for them;

    b.   The date or other information considered by the expert in forming the opinions;

    c.   Exhibits to be used to summarize or support the opinions;

    d.   Qualifications of the expert, including a list of all publications that the expert has authorized in the preceding ten years;

    e.   Compensation to be paid to the expert; and

    f.   A list of cases in which the expert has testified, as an expert, at trial or by deposition, within the last four years.

Respectfully submitted,

STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Charles E. McElvenny
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA K. FISHERING,                      )
                                        )
        Plaintiff,                      )
                                        )          Judge Der-Yeghiayan
vs.                                     )          Case No. 07 C 6650
                                        )
CITY OF CHICAGO, JAMES SPRATTE  )          Magistrate Judge Nolan
TERANCE NALLS and EUGENE WHITE, )
                                        )
        Defendants.                     )

### PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT CITY OF CHICAGO

Plaintiff Lisa K. Fishering, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

hereby requests Defendant City of Chicago to produce the documents and/or items described

below within thirty (30) days:

1) Any and all documents created, written or otherwise generated in connection with the
arrest of Plaintiff on or about October 2, 2007, including but not limited to the following:

    a. Statements of all police officers involved in or who participated in plaintiff's
       arrest;
    b. Statements and/or interviews of witnesses, the plaintiff, or other persons regarding
       the arrest;
    c. All chronologies prepared by any City of Chicago police officer involved in the
       arrest of plaintiff;
    d. All police reports prepared in connection with the arrest and detention of plaintiff
       including any investigations by the City of Chicago police or any prosecuting
       authority made any time before the arrest;
    e. All incident reports concerning the arrest of plaintiff; and
    f. All complaints filed against the plaintiff.

2) Any and all police department rules and/or regulations which pertain to the October 2,
2007 arrest of plaintiff and the charge(s) against her.

3) The complete personnel files maintained by the Chicago Police Department, including
but not limited to those of the Internal Affairs Division, regarding defendants Spratte and Nalls.

4) All documents relating to any civil, criminal or administrative complaints and/or misconduct filed against defendants Spratte and Nalls from their dates of employment to the present.

5) Any and all documents, including but not limited to rules, regulations, training manuals, bulletins, memos and/or e-mails reflecting policies or procedures in force or effect during the period January 1, 2007 to and including October 2, 2007, concerning or relating to arrest and probable cause.

6) Any and all documents, including but not limited to rules, regulations, training manuals, bulletins, memos and/or e-mails reflecting policies or procedures in force or effect during the period January 1, 2007 to and including October 2, 2007, concerning or relating to the use of police authority to collect, enforce, secure or prosecute private (i.e. civil, non-police) matters including collection of private debts.

7) Any and all documents reflecting insurance coverage for defendants Spratte and Nalls.

8) Any and all other documents pertaining to the matters alleged in the Complaint but not described above.

9) All documents relied upon or referred to in responding to Plaintiff's First Set of Interrogatories to Defendant City of Chicago.

10) If a privilege is being claimed with respect to any documents responsive to this Request, please provide a privilege log which includes the following information:

   a. The name of the sender, if any, of the documents;
   b. The name of the author of the document;
   c. The name of the persons, if any, to whom copies were sent;
   d. The date of the document;
   e. The date on which the document was received by those having possession of the document;
   f. A brief description of the nature and the subject matter of the document; and
   g. The statute, rule, or decision that is claimed to give rise to the privilege.

Respectfully Submitted:

_____
STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Charles E. McElvenny
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400

# STEVEN J. ROSENBERG, P.C.

Lawyers

Steven J. Rosenberg*
Charles E. McElvenny
Abeer H. Zanayed

William M. Walsh

*Also admitted in California
 and Colorado

Monadnock Building
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604-3607

Telephone 312.362.0400
Facsimile 312.431.8694
eFax: 312.275.7734
Email stevenj@sjrosenberg.com

April 16, 2008

**VIA FACSIMILE & U.S. MAIL**

Alec McAusland
Assistant Corporation Counsel
City of Chicago Law Department
30 N. LaSalle Street, Room 1400
Chicago, IL 60602

David Seery
Robert C. Rutherford
Megan K. McGrath
Assistant Corporation Counsel
City of Chicago Law Department
30 N. LaSalle Street, Room 1400
Chicago, IL 60602

RE:  Fishering v. City of
     Chicago, et al.
     Case No. 07 C 6650

Dear Counsel:

As you know, Plaintiff served written discovery on the City of Chicago, Terance Nalls, and James Spratte on March 11, 2008. Responses were due on April 10th. Yet, as of today's date, we have not received responses from defendants. Please call me so that we can resolve the outstanding discovery issue.

Also, enclosed please find deposition notices for defendants. The dates listed are tentative as we would like to depose defendants after the completion of written discovery.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Abeer H. Zanayed

**EXHIBIT**

NO. ___B___

McAusland, Alec, et al.
April 16, 2008
Page 2


AHZ
Enclosures

cc: Martin O'Hara
    Lisa Fishering

STEVEN J. ROSENBERG, P.C.                                    Lawyers

Steven J. Rosenberg*                        Monadnock Building
Charles E. McElvenny                    53 West Jackson Boulevard
Abeer H. Zanayed                                    Suite 224
                                         Chicago, Illinois 60604-3607
William M. Walsh
                                         Telephone 312.362.0400
*Also admitted in California               Facsimile 312.431.8694
  and Colorado                                ePax: 312.275.7734
                                    Email stevenj@sjrosenberg.com

                         April 18, 2008

**VIA FACSIMILE**

Megan McGrath
Assistant Corporation Counsel
City of Chicago Law Department
30 N. LaSalle Street, Room 1400
Chicago, IL 60602

                    RE:    <u>Fishering v. City of Chicago,</u>
                           <u>et al.</u>
                           Case No. 07 C 6650

Dear Megan:

        I am writing to confirm my voicemail regarding defendants' outstanding
discovery in the above-referenced matter. Defendant City of Chicago has until the end of
business day on Friday, May 2, 2008 to respond to Plaintiff's First Set of Interrogatories
and Request to Produce.

        If the foregoing is not accurate, please contact me immediately.

        Thank you for your cooperation.

                                    Very truly yours,

                                    Abeer H. Zanayed

AHZ

cc: Lisa Fishering

**EXHIBIT**

NO. __C__

# STEVEN J. ROSENBERG, P.C.

Lawyers

Steven J. Rosenberg*
Charles E. McElvenny
Abeer H. Zanayed

William M. Walsh

*Also admitted in California
  and Colorado

Monadnock Building
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604-3607

Telephone 312.362.0400
Facsimile 312.431.8694
eFax: 312.275.7734
Email stevenj@sjrosenberg.com

May 1, 2008

**VIA FACSIMILE**

Megan McGrath
Assistant Corporation Counsel
City of Chicago Law Department
30 N. LaSalle Street, Room 1400
Chicago, IL 60602

RE:   <u>Fishering v. City of Chicago,</u>
       <u>et al.</u>
       Case No. 07 C 6650

Dear Megan:

I am writing to confirm our conversation regarding defendant's request of additional time to answer Plaintiff's First Set of Interrogatories and Request to Produce. Defendant City of Chicago has until the end of business day on Friday, May 16, 2008, to respond to the outstanding written discovery. If the foregoing is not accurate, please contact me immediately.

Also, I look forward to receiving the Protective Order.

Thank you for your cooperation.

Very truly yours,

Abeer H. Zanayed

AHZ

cc: Lisa Fishering

**EXHIBIT**

NO. _____ D

# STEVEN J. ROSENBERG, P.C.

Lawyers

Steven J. Rosenberg*
Charles E. McElvenny
Abeer H. Zanayed

William M. Walsh

*Also admitted in California
 and Colorado

Monadnock Building
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604-3607

Telephone 312.362.0400
Facsimile 312.431.8694
eFax: 312.275.7734
Email stevenj@sjrosenberg.com

May 19, 2008

**VIA FACSIMILE**

Megan McGrath
Assistant Corporation Counsel
City of Chicago Law Department
30 N. LaSalle Street, Room 1400
Chicago, IL 60602

RE:   Fishering v. City of Chicago, et al.
      Case No. 07 C 6650

Dear Megan:

I am writing to memorialize our conversation today regarding the City of Chicago's outstanding discovery. As you know, responses were due on April 10th, but we agreed to an extension to answer the outstanding discovery on or before May 2, 2008; then, we agreed to another extension on or before May 16, 2008. On May 16th, you informed me that because you were swamped you would have the discovery in my office no later than Monday, May 19th. Today, you informed me that the discovery is locked in your law clerk's desk and you cannot gain access to it until Wednesday.

As we discussed, we cannot agree to additional time to respond to the outstanding discovery due to the upcoming depositions scheduled for June 3, 2008 (Spratte and Nalls), June 5, 2008 (representative of the City of Chicago) and June 25th (Eugene and Michelle White).

Unfortunately, therefore, if we do not receive your outstanding discovery first thing Friday morning (May 23rd), I will have no choice but to file a motion to compel.

Very truly yours,

Abeer H. Zanayed

AHZ

**EXHIBIT**

NO. ___E___



May 23, 2008

**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Employment and Policy Litigation
Suite 1020
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-5100
(312) 744-3989 (FAX)
(312) 744-5131 (TTY)

http://www.cityofchicago.org

Abeer H. Zanayed
Steven J. Rosenberg, P.C.
53 West Jackson Blvd, Suite 224
Chicago, IL 60604

     Re: Fishering v. City, et al., 07 C 6650

Dear Counsel:

Enclosed please find the City's answers to Plaintiff's First Set of
Interrogatories and Document Requests. The enclosed copies are unverified,
as I am awaiting the verification from the Police Department. When I receive
the verified copy, I will send it to you. I appreciate your patience in this
matter.

Throughout the City's answers to this discovery, there is reference to
producing documents pursuant to a protective order. I believe we spoke
about this briefly on the phone when we discussed the extension of discovery
responses earlier this month. I have enclosed a sample protective order. If
you can agree to it, we can move Judge Der-Yeghian to enter it as an agreed
order. If not, please contact me to see if there are any changes we can both
agree upon.

Thank you again for you patience.

Sincerely,

Megan K. McGrath
Assistant Corporation Counsel
312-742-3541

cc:    Alec McAusland, counsel for Defendant Officers
       Martin J. O'Hara, counsel for Eugene White

**NEIGHBORHOODS**
BUILDING CHICAGO TOGETHER

**EXHIBIT**

NO.   F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| vs. | ) | Case No. 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel

for the City of Chicago responds to Plaintiff's Interrogatories to Defendant City of

Chicago, and states:

1.    Identify the person(s) answering these Interrogatories and the basis of their
knowledge.

**ANSWER:**    The City objects to this interrogatory to the extent that it requests communications, materials

and/or information protected by the attorney-client communication privilege or the attorney work product privilege.

The City further objects to the production of personal, confidential information for City employees to the extent that

disclosure of such could present a safety concern to the individuals involved.  Subject to and without waiving these

objections, the City states that all legal objections contained in these interrogatories are answered by the Defendant City

of Chicago, by and through the undersigned counsel and/or by reference to documents as produced pursuant to Rule

33(d) of the Federal Rules of Civil Procedure.  In answering, counsel for the City relied upon the record(s) or person(s)

referred to in each answer.

2.    State the  full  name,  address,  and telephone number of any and  all
individuals with knowledge of the facts of this case.

**ANSWER:**    The City objects to this interrogatory because the phrase "with knowledge

1

of the facts of this case..." is vague, ambiguous, overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence. City further objects to

the production of personal information for City employees to the extent that, if disclosed, could

present a safety concern to the individuals involved.  Subject to and without waiving these

objections, the City refers Plaintiff to those individuals listed by the parties in their 26(a)(1)

disclosures.  Additionally, pursuant to Federal Rule of Civil Procedure 33(d), the City states that

further information pertaining to this interrogatory can be derived or ascertained from documents

produced by the parties in those same disclosures.  Investigation continues.


3.    When did defendant police officers James Spratte (Spratte) and Terance
Nails (Nails) (sp) become employed by the City of Chicago Police Department (Police
Department)?

**ANSWER:**    The City objects to this interrogatory because it is not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the City

states that Captain James Spratte was appointed as a Chicago Police Officer on February 27, 1978 and

Terance Nalls was appointed on December 5, 1994.


4.    State with specificity the City of Chicago's educational and/or training
requirements for individuals hired as officers by the Police Department at the time
Spratte and Nails (sp) were hired.

**ANSWER:**    The City objects to this interrogatory because the phrase "educational and/or

training requirements for individuals hired as officers..." is vague, ambiguous, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject

to and without waiving these objections, the City states that Detective Nalls received training at the

Chicago Police Education and Training Academy.  Upon receipt of further information and upon

entry of a protective order from the Court, the City will supplement its answer.


5.    State with specificity Spratte's and Nails' assignments, duties and assigned
districts on August 17, 2007, September 26, 2007 and October 2, 2007?

2

**ANSWER:** The City objects to this interrogatory because the phrase "assignments, duties and assigned districts..." is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City answers that this question is more appropriately directed at Captain Spratte and Detective Nalls.

6. Describe in detail the City of Chicago's policies and procedures for responding to police misconduct claims.

**ANSWER:** The City objects to this interrogatory as vague, ambiguous, and overly broad ("describe in detail the City of Chicago's policies and procedures for responding to police misconduct claims."). Subject to and without waiving these objections, the City produces the Rules and Regulations of the Chicago Police Department (Bates Stamped City00001-00029), and will make the Department's Directive index available on a mutually agreed upon date, and counsel may determine which, if any, General Orders and/or Department Special Orders you would like to copy, within reason, at plaintiff's expense.

7. Does the Police Department have procedures in place to ensure the supervision of its officers? If the answer to this interrogatory is in the affirmative, state:
   a. The Police Department's statement or policy regarding the supervision of its officers;
   b. The procedures to ensure the supervision of officers;
   c. The name, title and rank of each individual in a position to review and enforce the Police Department's supervision of officers Spratte and Nails.

**ANSWER:** The City states yes. In further response, the City objects to the subparts of this interrogatory as overly broad in time and scope, and directs Plaintiffs to its answer to Interrogatory No. 6.

8.    Have Officers Spratte and/or Nails ever been the subject of any complaints, claims or charges of official misconduct or abuse of civil rights? If yes, state:

    a.  The date and place of each complaint;
    b.  The name and address of each complainant;
    c.  The individual who recorded each complaint;
    d.  In detail, the allegations of each complaint; and
    e.  Whether the Police Department investigated any of the complaints.

**ANSWER**:    The City objects to this interrogatory as vague, ambiguous, and

overly broad ("subject of any complaints, claims or charges of official misconduct or abuse

of civil rights."). Subject to and without waiving these objections, and upon entry of a

protective order from the Court, the City agrees to produce a copy of the Complaint

Register file relating to this case and also will produce in relation to each officer who is

named as a defendant in this matter: 1) a current Employee Complaint History; 2) an

employee profile & assignment printout; 3) an awards and commendations printout; 4) a

general history printout; 5) a training history printout; and 6) an education/military

printout.

9.    If the Police Department investigated any complaint identified in Interrogatory 8(e), state the following with regard to each investigation:

    a.  The name and rank (or title, including badge number if appropriate), of the individual who conducted the investigation;
    b.  The finding of each investigation;
    c.  The determination of each investigation;
    d.  The disciplinary action taken against any officer or party as a result of the investigation or complaint.

**ANSWER:** The City objects to this interrogatory as overly broad in time and scope,

and directs Plaintiffs to its answer to Interrogatory No. 6.

10.  Is the City of Chicago aware of any conversations or statements made by any person at any time regarding to the allegations in the Complaint? If the answer to this interrogatory is in the affirmative, state the following:

    a.  The date or dates of such conversations and/or statements;

     b.   The place of such conversations and/or statements;
     c.   All persons present for the conversations and/or statements;
     d.   The subject matter of the conversations and/or statements;
     e.   Whether the conversation was oral, written and/or recorded; and
     f.   Who has possession of the statement if written and/or recorded.

**ANSWER**:    The City objects to this interrogatory as vague, ambiguous, and overly broad ("any conversations or statements made by any person at any time..."). Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the City states that further information pertaining to this interrogatory can be derived or ascertained from documents produced by the parties in their 26(a)(1) disclosures. Investigation continues.

11.   Does defendant contend that plaintiff was detained in a reasonable manner? If the answer is in the affirmative, please set forth all facts in support of such contention.

**ANSWER**:    The City objects to this interrogatory as vague, ambiguous, and overly broad ("detained in a reasonable manner"). Subject to and without waiving these objections, the City states that investigation continues. Answering further, the City refers to documents produced by the parties in their 26(a)(1) disclosures.

12.   Does defendant contend plaintiff was detained by one authorized to make arrests? If the answer is in the affirmative, please set forth all facts in support of such contention.

**ANSWER**:    The City objects to this interrogatory as vague, ambiguous, and overly broad ("one authorized to make arrests"). Subject to and without waiving these objections, the City states that investigation continues. Answering further, the City refers to documents produced by the parties in their 26(a)(1) disclosures.

13. Pursuant to Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4)(A), provide the name and address of each expert witness who will testify at trial and provide the following:

     a.   A complete statement of all opinions to be expressed by the expert and the basis and reasons for them;

     b.   The date or other information considered by the expert in forming the opinions;

     c.   Exhibits to be used to summarize or support the opinions;

     d.   Qualifications of the expert, including a list of all publications that the expert has authorized in the preceding ten years;

     e.   Compensation to be paid to the expert; and

     f.   A list of cases in which the expert has testified, as an expert, at trial or by deposition, within the last four years.

**ANSWER:**    The City objects to this interrogatory as overly broad, unduly burdensome not reasonably calculated to lead to the discovery of admissible evidence, and calling for information the City is not required to provide under Fed. R. Civ. P. 26(a)(2). Subject to, and without waiving these objections, the City states that it has not determined which, if any, expert witnesses it may call at trial. The City will seasonably supplement this response when such a determination is made and in accordance with the Federal Rules of Civil Procedure and any court-ordered deadlines for making such disclosures.

                            Respectfully submitted,
                            MARA S. GEORGES,
                            Corporation Counsel, City of Chicago

                     By:     ***/s/ Megan K. McGrath***
                            MEGAN K. McGRATH
                            Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-8369
Attorney No. 06288408

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Der-Yeghiayan |
| vs. | ) | Case No. 07 C 6650 |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSES TO
PLAINTIFF'S REQUESTS TO PRODUCE**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago responds to Plaintiff's Interrogatories to Defendant City of Chicago, and states:

1.  Any and all documents created, written or otherwise generated in connection with the
arrest of Plaintiff on or about October 2, 2007, including but not limited to the following:

> a. Statements of all police officers involved in or who participated in plaintiffs
> arrest;
> b. Statements and/or interviews of witnesses, the plaintiff, or other persons regarding
> the arrest;
> c. All chronologies prepared by any City of Chicago police officer involved in the
> arrest of plaintiff;
> d. All police reports prepared in connection with the arrest and detention of plaintiff
> including any investigations by the City of Chicago police or any prosecuting
> authority made any time before the arrest;
> e. All incident reports concerning the arrest of plaintiff; and
> f. All complaints filed against the plaintiff.

**RESPONSE:**     The City objects to this request as vague, ambiguous ("all chronologies

prepared by any City of Chicago police officer...all police reports...incident reports), overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence.  Additionally, pursuant to Federal Rule of Civil Procedure 33(d), the City states that

further information pertaining to this request can be derived or ascertained from documents

produced by the parties in their 26(a)(1) disclosures same disclosures.  Investigation continues.

2.  Any and all police department rules and/or regulations which pertain to the October 2, 2007 arrest of plaintiff and the charge(s) against her.

**RESPONSE:**    The City objects to this request as vague, ambiguous, and overly broad ("any and all police department rules and/or regulations")  Subject to and without waiving these objections, upon entry of a protective order from the Court, the City produces the Rules and Regulations of the Chicago Police Department (Bates Stamped City00001-00029), will make the Department's Directive index available on a mutually agreed upon date, and counsel may determine which, if any, General Orders and/or Department Special Orders plaintiff would like to copy, within reason, at plaintiff's expense.

3.    The complete personnel files maintained by the Chicago Police Department, including but not limited to those of the Internal Affairs Division, regarding defendants Spratte and Nails.

**RESPONSE:**    The City objects to this request as overly broad in scope and time, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and calling for documents the publication or dissemination of which may endanger the lives and safety of Chicago Police officers.  The City further objects to producing police officer personnel files maintained by the Chicago Police Department that contain, inter alia, the employee's application for employment, insurance information, financial information, and other personal information,  such as home addresses.  Subject to and without waiving the above  objections and upon entry of a protective order, the City will produce a copy of the Complaint Register file relating to this case when the OPS investigation is completed , and will further produce in relation to each officer who is named as a defendant in this matter: 1) a current Employee Complaint History; 2) an employee profile & assignment printout; 3) an awards and commendations printout; 4) a general history printout; 5) a training history printout; and 6) an education/military printout.

4.  All documents relating to  any civil,  criminal or administrative complaints  and/or misconduct filed against defendants Spratte and Nails from their dates of employment to the present.

**RESPONSE:**    The City objects to this request as overly broad  in scope and time, unduly

burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the City directs Plaintiff to the documents to be produced

in response to request 3, subject to entry of a protective order.

5.  Any and all documents, including but not limited to rules, regulations, training manuals, bulletins, memos and/or e-mails reflecting policies or procedures in force or effect during the period January 1, 2007 to and including October 2, 2007, concerning or relating to arrest and probable cause.

**RESPONSE:**   The City objects to this request as vague, ambiguous, and over ly broad ("any and all

documents, including but not limited to rules, regulations, training manuals, bulletins, memos and/or emails....

Subject to and without waiving these objections, the City produces the Rules and Regulations of the Chicago

Police Department (Bates Stamped City00001-00029), and will make the Department's Directive index

available on a mutually agreed upon date, and counsel may determine which, if any, General Orders and/or

Department Special Orders you would like to copy, within reason, at plaintiff's expense.

6.  Any and all documents, including but not limited to rules, regulations, training manuals, bulletins, memos and/or e-mails reflecting policies or procedures in force or effect during the period January 1, 2007 to and including October 2, 2007, concerning or relating to the use of police authority to collect, enforce, secure or prosecute private (i.e. civil, non-police) matters including collection of private debts.

**RESPONSE:**   The City directs Plaintiffs to its answer to Request No. 5.

7.  Any and all documents reflecting insurance coverage for defendants Spratte and Nails.

**RESPONSE:**   The City objects to this request as vague, ambiguous ("insurance coverage...") is vague,

ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving these objections, the City answers that this question is

more appropriately directed at Captain Spratte and Detective Nalls.

8.  Any and all other documents pertaining to the matters alleged in the Complaint but not described above.

**RESPONSE:**   The City objects to this request as vague, ambiguous ("any and all documents..."), overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

9. All documents relied upon or referred to in responding to Plaintiffs First Set of Interrogatories to Defendant City of Chicago.

**RESPONSE:**    The City objects to this request as vague, ambiguous, and overly broad ("all

documents relied upon or referred to)...Subject to and without waiving these objections, pursuant to

Federal Rule of Civil Procedure 33(d), the City states all documents relied upon or referred to in the City's

responses to Plaintiff's Interrogatories have been previously produced.  Investigation continues.


10.    If a privilege is being claimed with respect to any documents responsive to this Request, please provide a privilege log which includes the following information:

   a.    The name of the sender, if any, of the documents;
   b.    The name of the author of the document;
   c.    The name of the persons, if any, to whom copies were sent;
   d.    The date of the document;
   e.    The date on which the document was received by those having possession of the document;
   f.    A brief description of the nature and the subject matter of the document; and
   g.    The statute, rule, or decision that is claimed to give rise to the privilege.

**RESPONSE:**    The City objects to this request as duplicative of previous production

requests and have not withheld any documents pursuant to privilege.


Respectfully submitted,
MARA S. GEORGES,
Corporation Counsel, City of Chicago

By:    **/s/ Megan K. McGrath**
MEGAN K. McGRATH
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-8369
Attorney No.  06288408

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA FISHERING | ) | |
| Plaintiff, | ) | NO.  07 C 6650 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| CITY OF CHICAGO, JAMES SPRATTE, | ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, | ) | |
| Defendants. | ) | |

## <u>QUALIFIED HIPAA AND CONFIDENTIAL MATTER PROTECTIVE ORDER</u>

Pursuant to Federal Rules of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds:

A.    The following words and terms are defined for purposes of this qualified protective order:

1.    "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2.    "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information.  *See* 45 C.F.R. §§ 160 & 164 (2000).

4.    "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.  "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5.    When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or an

**EXHIBIT**

NO. ___G___

portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" is defined as: personnel records including disciplinary records also known as Complaint Registers ("CR"), Employee Complaint Histories, SPARs and Disciplinary Histories; financial records and information; personal information including Social Security Numbers, home addresses and family information regarding party and non-party employees of the City of Chicago and third parties; and, medical records or other information that is of a sensitive or non-public nature regarding plaintiff, defendant, non-party witnesses and non-party employees of the City of Chicago that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by Chicago police officers (generally referred to as "Complaint Register" files), and related information that are protected by the *Illinois Personnel Records Review Act*, 820 ILCS 40/0.01, *et seq.* (West 2004) (which specifically identifies the documents included in this order) and Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004) (which specifically identifies the categories of documents that are exempt from disclosure, which includes personnel files), as well as personal and family information of police officers, including residential information.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The Parties shall be familiar with HIPAA and the Privacy Standards.

2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-Parties to or from other Parties and non-Parties.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3. The Parties shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be

returned to the producing party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not timely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return."

4.   The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. The Parties shall release the PHI of the following persons:

**Plaintiff: Lisa K. Fishering**

5.   The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

**"CONFIDENTIAL"**
or
**"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 07 C 6650"**

No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6.   Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7.   To the extent that a Party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

8.   By this Protective Order, the discovering Party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding Party and other Parties to the litigation, for a determination that any document designated as

Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c).

9.    Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

10.   This Protective Order may be modified by further written stipulation signed by Parties with approval of this Court or by further order of this Court upon application to the Court with notice.

11.   No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.


                        ENTER:         _____
                                       SAMUEL DER-YEGHIYAN
                                       DISTRICT COURT JUDGE
                                       UNITED STATES DISTRICT COURT

DATED: _____

**Abeer**

| | |
|---|---|
| **From:** | Abeer [azanayed@sjrosenberg.com] |
| **Sent:** | Wednesday, June 04, 2008 2:49 PM |
| **To:** | 'megan.mcgrath@cityofchicago.org'; 'Alec Mcausland'; 'Martin J. O'Hara' |
| **Subject:** | Fishering v. City of Chicago, et al |

Counsel:

Please be advised that Plaintiff has withdrawn her motion to compel discovery answers from defendants Spratte and Nalls. Therefore, there is no court hearing tomorrow.  However, in speaking with Judge Der-Yeghiayan's Courtroom Deputy, he stated that the protective order has to be noticed up like any other routine motion. Thanks.

Best regards,
Abeer

Abeer H. Zanayed
LAW OFFICES OF STEVEN J. ROSENBERG, P.C.
53 W. Jackson Boulevard, Suite 224
Chicago, Illinois 60604
(312) 362-0400
(312) 431-8694 (fax)

**EXHIBIT**

NO. ___H___

**Abeer**

| | |
|---|---|
| **From:** | Abeer [azanayed@sjrosenberg.com] |
| **Sent:** | Monday, June 16, 2008 2:34 PM |
| **To:** | 'megan.mcgrath@cityofchicago.org' |
| **Subject:** | Fishering v. City of Chicago, et al. |

Dear Megan:

I am following up on my correspondence of June 4th in which I informed you that you had to notice up the protective order so that Judge Der-Yeghiayan can enter it. As of today's date, I haven't received the notice of motion. Please advise as to when you will notice it up so that we can wrap up any outstanding discovery and proceed with depositions.

Should you have any questions, please don't hesitate to contact me.

Very truly yours,
Abeer

Abeer H. Zanayed
LAW OFFICES OF STEVEN J. ROSENBERG, P.C.
53 W. Jackson Boulevard, Suite 224
Chicago, Illinois 60604
(312) 362-0400
(312) 431-8694 (fax)

**EXHIBIT**

NO. _____I_____