# EXHIBIT 7

## Martin J. O'Hara

**From:** Martin J. O'Hara
**Sent:** Wednesday, July 09, 2008 1:10 PM
**To:** stevenj@sjrosenberg.com; 'Charles McElvenny'
**Subject:** RE: Fishering v. City of Chicago, et al., Case No. 07-cv-06650

This correspondence is being sent pursuant to Rule 37.2. I am in receipt of Fishering's response to White's Request to Produce Documents, and I have various issues regarding Fishering's objections.

First, you have objected to Request No. 4 that seeks "any and all bank records and statements for any account held by Plaintiff and/or Whizbang from October 2006 to the present." As you know, we have filed a counterclaim for fraud against Fishering for her forgery of an invoice from Walter E. Smithe. The facts establish that although Fishering represented to the Whites that she had paid $15,301.10 to Walter E. Smithe, she actually had written a check for only $6,908.00. The facts also establish that Fishering's check in the amount of $6,908.00 bounced, despite the fact that she had deposited the White's check in the amount of $17,301.10. We believe that Fishering used the White's money to pay for things unrelated to the White's project, and she executed her fraudulent scheme against the Whites in order to get money from them so that she could use it for something else. We believe that Fishering's bank records will inform us as to what the money was actually spent on, which is relevant to the claim for fraud. There is absolutely no basis for withholding such documents, particularly under the liberal discovery rules. Nonetheless, we are willing to limit the time period of the request from October 2006 through the filing of the complaint in November 2007.

The same analysis applies with respect to Request No. 5 seeking "any and all credit card statements for Plaintiff and/or Whizbang from October 2006 to the present." You have produced redacted statements that only identify purported credit card payments relating to the White's project. However, as indicated above, it is the other purchases that are relevant for the fraud claim because Fishering used the White's money for things that were unrelated to their project. We are entitled to examine unredacted credit card statements to determine how Fishering used the White's money. We will again limit the time period from October 2006 through the filing of the complaint.

Please let me know whether you will withdraw your objections, and produce unredacted documents responsive to Request Nos. 4 and 5 as limited by the above. Otherwise, we need to schedule a Rule 37.2 conference as soon as possible.

Martin J. O'Hara
Quinlan & Carroll, Ltd.
30 N. LaSalle Street, Suite 2900
Chicago, IL 60602
(312) 917-8491
(312) 263-5013 (fax)
mohara@qclaw.com

7/14/2008