IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA K. FISHERING, | ) | |
| Plaintiff, | ) | |
| | ) | No.   07 C 6650 |
| vs. | ) | |
| | ) | Judge Der-Yeghiayan |
| THE CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

**AGREED MOTION FOR ENTRY OF A PROTECTIVE ORDER**

_____Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago, and with the agreement of Plaintiff Lisa K. Fishering and the Defendant Officers, moves this Court pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 & 164, for entry of a protective order. In support, the City states:

1. The parties anticipate that medical records, or other documents containing or reflecting medical information, pertaining to the parties and non-parties may be sought and produced in this matter. The parties also anticipate production in this litigation of confidential materials, such as employment, disciplinary, and financial records, which is of a sensitive and non-public nature.

2. Medical records are protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified primarily at 18, 26 & 42 U.S.C. (2002), and attending regulations at 45 C.F.R. §§ 160 & 164 (2000). The proposed Agreed Protective Order, a draft of which is attached hereto, addresses the confidentiality and records retention requirements of HIPAA.

3.      Personnel files and records are entitled to protection from disclosure because information contained therein is protected by the <u>Illinois Personnel Records Review Act</u>, 820 ILCS 40/0.01, <u>et</u>. <u>seq</u>., which governs the disclosure of employee personnel files, disciplinary histories, and related information.  These documents are also protected from disclosure by Section 7 of the <u>Illinois Freedom of Information Act</u>, 5 ILCS 140/1, <u>et</u>. <u>seq</u>., which exempts personnel files and documents appropriately contained in personnel files (<u>i.e.</u>, disciplinary records) from disclosure, and Rule 3.6 of the Illinois Supreme Court Rules of Professional Conduct and Rule 83.53.6 of the Northern District Local Rules[1], which prevent lawyers from making extrajudicial statements the lawyer knows or reasonably should know are likely to be disseminated by public media, and, if so disseminated, would pose a serious and imminent threat to the fairness of an adjudicative proceeding.  <u>See</u> Proposed Order, ¶ A6.

4.      The proposed Agreed Protective Order also prohibits use or dissemination of files or records marked as "Confidential" for any purpose other than litigation in this case, and requires their return to the producing party at the end of this litigation.

5.      The parties agree to entry of the Agreed Protective Order, a draft of which is attached.

WHEREFORE, Defendant City, with the agreement of Plaintiff, requests that this Court enter the attached Agreed Protective Order.

---

[1] The Committee Comments to the Local Rules acknowledge that it is "difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression." The Committee explains that "[p]reserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where a trial by jury is involved."

                                        Respectfully submitted,
                                        MARA S. GEORGES,
                                        Corporation Counsel, City of Chicago

                              By:    **_/s/ Megan K. McGrath_**
                                        MEGAN K. McGRATH
                                        Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-8369
Attorney No.  06288408