UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA K. FISHERING,                    )
                                      )
        Plaintiff,                    )
                                      )        Judge Der-Yeghiayan
vs.                                   )        Case No. 07 C 6650
                                      )
CITY OF CHICAGO, JAMES SPRATTE        )        Magistrate Judge Nolan
TERANCE NALLS and EUGENE WHITE,       )
                                      )
        Defendants.                   )

## PLAINTIFF'S RESPONSE TO DEFENDANT EUGENE WHITE'S MOTION TO COMPEL

Plaintiff responds to Defendant Eugene White's Motion to Compel as follows:

### Background

White's counterclaim alleges that plaintiff fraudulently induced him to pay her money through overcharges and forged documents. Based on those allegations[1] White requested copies of plaintiff's personal and business books and records. Plaintiff produced documents relating to the White transaction on July 1, 2008. White now seeks plaintiff's books and records relating to all personal and business transactions from October 2006 through November 2007 because "White is entitled to know what Fishering did with the monies that he paid her". (White Motion to Compel, Par. 15).[2] Plaintiff refused to produce records unrelated to this litigation and White then filed this motion.

---

[1] Plaintiff's Answer denies all allegations of fraud.
[2] White's request is improper to the extent it calls for discovery responses from a non-party (Whizbang, Inc.) without a subpoena.

## Standard

Material sought is relevant if it either tends to make any fact of consequence in the action more or less probable, or if it is reasonably calculated to lead to the discovery of admissible evidence. *Muro v. Target, Inc.* 2007 WL 3254463 (N.D. Ill. 2007).

## Argument

White's requests are overbroad because they do not make any fact of consequence more or less probable than it would be without the discovery. Specifically, White's argument that the requests are relevant due to his fraud claim is inaccurate and disingenuous; plaintiff's books and records **unrelated to the White transaction** do not support or relate to facts regarding the elements of fraud.

## I. The Documents Produced by Plaintiff Are Sufficient

A review of plaintiff's books and records unrelated to the White transaction would not reveal, support or lead to a probable conclusion regarding any fact of consequence or element of fraud. Plaintiff has already admitted that White paid her money so a review of bank records is not necessary to establish that fact. And plaintiff has produced and will continue to produce all records, receipts and statements that relate to the White transaction.[3] These documents answer the question of "where the money went" and comprise all that White is entitled to review.

## II. The Documents Sought by White Are Irrelevant

White cannot review the requested documents because the specific question of "where the money went" is not relevant to this action. There is no claim for conversion or misappropriation and no particular fund or trust is identified; the parties have acknowledged that they exchanged cash for goods and services. The parties' disagreements regarding intent or

---

[3] On July 30, 2008 plaintiff delivered additional documents to counsel Charles E. McElvenny that may be responsive to White's request. Subject to the Court's ruling, these documents will be reviewed, redacted and delivered to defendants in a timely fashion.

actual delivery of goods/services does not warrant a wholesale review of books and records unrelated to this transaction; <u>identification of funds is not an element of fraud</u>.  In other words, what plaintiff did with the money White gave her is neither an issue nor an element of White's claim.[4]  Even if White could clearly demonstrate where his money went, it proves nothing. Contractors routinely place orders for clients, bill their clients, collect from their clients, and then pay the subcontractor at a later date.  The basis for White's motion is the pure speculation that the precise monies he paid plaintiff were not directly delivered to other businesses.  But White must still prove that plaintiff made a false statement, knew the statement was false, intended to induce him to act, that he did reasonably act and suffered damages.  An examination of plaintiff's books and records unrelated to this case would not prove these elements.

## <u>Conclusion</u>

White's requests do not seek information that relate to his claims nor are they reasonably calculated to lead to the discovery of evidence that may support his claims.  The argument that his fraud claim permits virtually limitless discovery is not convincing; allegations of fraud do not justify unfettered access to a party's personal or business records unrelated to the transaction at issue.  White's argument would have the mere existence of a fraud claim open the entire universe of possible discovery to relevance.  This is not the standard and the motion to compel should be denied.

Wherefore, Plaintiff respectfully request that this Court deny Defendant White's Motion to Compel.

---

[4] To the extent White's argument is that plaintiff had other debts it still does not relate to the elements of his case.  If plaintiff had debt, which plaintiff does not admit, it does not create an inference that she defrauded White.

Respectfully Submitted,

S/Charles E. McElvenny

_____
STEVEN J. ROSENBERG, P.C.
Attorneys for Plaintiff

Charles E. McElvenny
STEVEN J. ROSENBERG, P.C.
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604
(312) 362-0400