IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA K. FISHERING,                          )
                                            )
        Plaintiff,                          )
                                            )        Judge Der-Yeghiayan
        v.                                  )        Case No. 07 C 6650
                                            )
CITY OF CHICAGO, JAMES SPRATTE,   )        Magistrate Judge Nolan
TERANCE NALLS and EUGENE WHITE, )
                                            )
        Defendants.                         )

### EUGENE WHITE'S REPLY
### IN FURTHER SUPPORT OF MOTION TO COMPEL

Defendant Eugene White ("White"), by and through his attorneys, Quinlan & Carroll, Ltd.,

respectfully submits this reply in further support of his motion to compel Plaintiff Lisa K. Fishering

to produce all bank account records and credit card statements for the period of October 2006 to the

present.

### INTRODUCTION

Fishering's response completely ignores the claim and allegations brought by White against

her. White has alleged that Fishering knowingly submitted to him a forged and fraudulent invoice

purportedly from Walter E. Smithe that was intended to induce White to pay an amount that was

substantially more than he should have paid. In addition, even though White paid the substantially

higher amount, the check that was actually written by Fishering to Walter E. Smithe was returned

for insufficient funds. It is therefore clear that the monies paid by White to Fishering were not

actually used to pay for the furniture purchased from Walter E. Smithe. Rather, the monies were

used for some other purpose or purposes.

255685v1

Unquestionably, White is entitled to know why Fishering would submit a fraudulent invoice to him, and why her check to Walter E. Smithe in the amount of $6,908 bounced when White had paid her in excess of $17,000. This information is not only relevant to White's fraud claim, but it goes to the very heart of the claim. Fishering's refusal to produce this information, even when presented with a motion, only reinforces the fact that White is entitled to the discovery. If Fishering did nothing wrong, then she should have no objection to producing the information. Fishering's strong desire to prevent White from obtaining the relevant information demonstrates that the information will support White's fraud claim.

## ARGUMENT

Fishering does not dispute that the Federal Rules of Civil Procedure contemplate liberal discovery, and that "relevancy" under Rule 26 is extremely broad. *Stallings v. Union Pacific Rwy. Co.*, No. 01 C 1056, 2003 WL 21317297, at *6 (N.D. Ill. June 6, 2003). Rule 26(b) states that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." FED. R. CIV. P. 26(b). Thus, relevance is broadly defined to include not only what is admissible at trial, but also that which leads to admissible evidence. *Id.* The district court is vested with broad discretion in determining the scope of discovery, which is to be exercised mindful that the standard for discovery under Rule 26(b)(1) is "widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000).

Despite this well-established law, Fishering asserts that White is not entitled to the bank records and credit card statements that he has requested. Fishering sets forth a series of arguments in support of her position, none of which even comes close to establishing that White should be precluded from obtaining the information that he seeks.

### A.     The Documents Produced by Fishering Are Not Sufficient

Initially, Fishering asserts in a conclusory manner that the documents that she has already produced are sufficient. Fishering contends that White is entitled only to records and documents that relate to his transaction. However, these documents most certainly *do not* tell the full story. These documents are relevant to the case, but only tell half of the story. The other part of the story involves the question of why Fishering submitted a fraudulent invoice to White, and more importantly what Fishering actually did with White's money. Only a full review of Fishering's bank records and credit card statements will allow White and ultimately the trier of fact to make such determinations.

### B.     The Documents Sought by White are Relevant

Fishering next suggests that the documents sought by White are not relevant because the question of "where the money went" is not relevant. Fishering argues that this information is not relevant because there is "no claim for conversion or misappropriation and no particular fund or trust is identified." (Response, p. 2). Fishering's argument is baseless as she simply ignores the fact that White has brought an action for fraud alleging that Fishering obtained monies from White based upon false pretenses. The question of where the money went is both relevant and critical to White's fraud claim. Although Fishering's argument might have some merit if this case involved a mere breach of contract, White's fraud claim alleges significantly more than a simple breach of contract.

Fishering also argues that even if she used White's money to pay other debts, that "proves nothing." (Response, p. 3). This argument likewise fails. First, at this stage of the litigation, the issue is not what the documents "prove." Discovery is not relegated to information that "proves" a claim or defense. Rather, relevance for discovery purposes is broadly defined to include not only what is admissible at trial, but also that which leads to admissible evidence.

Second, Fishering's argument again ignores White's fraud claim. Although under certain circumstances, a contractor such as Fishering may "routinely" pay a subcontractor at a later date, here White has alleged that Fishering knowingly submitted to him a fraudulent invoice in order to induce White to pay additional monies that he should not have paid. That is not "routine," nor is it permitted under the law. Instead, it is part of a scheme by Fishering to improperly obtain monies from White with the intent to use the ill-gotten monies for some other purpose. White is entitled to know what that other purpose was, in order to establish his fraud claim against Fishering.

## CONCLUSION

White has brought a fraud claim against Fishering. Fishering has denied the fraud claim, thereby requiring White to prove his claim. Having denied the fraud claim, Fishering cannot prevent White from taking full discovery on that claim. Full discovery includes White being permitted to review Fishering's bank records and credit card statements.

Accordingly, Defendant Eugene White respectfully requests that this Court enter an order compelling Fishering to produce all documents responsive to Request Nos. 4 and 5 of White's First Request to Produce Documents, and granting to White any and all further relief the Court deems fair and just.

Dated:  August 4, 2008                    Respectfully submitted,

                                          Eugene White

                                          /s/Martin J. O'Hara
                                          Martin J. O'Hara, #6229971
                                          Attorney for Defendant
                                          Quinlan & Carroll, Ltd.
                                          30 N. LaSalle Street, Suite 2900
                                          Chicago, IL  60602
                                          phone:  (312) 263-0900
                                          fax:  (312) 263-5013
                                          e-mail:  mohara@qclaw.com