IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA K. FISHERING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Der-Yeghiayan |
| v. ) | Case No. 07 C 6650 |
| ) | |
| CITY OF CHICAGO, JAMES SPRATTE, ) | Magistrate Judge Nolan |
| TERANCE NALLS and EUGENE WHITE, ) | |
| ) | |
| Defendants. ) | |

## EUGENE WHITE'S PETITION FOR RULE TO SHOW CAUSE

Defendant Eugene White ("White"), by and through his attorneys, states as follows as his Petition for a Rule to Show Cause Why Plaintiff/Counter-Defendant Lisa Fishering ("Fishering") Should Not be Held in Contempt of this Court's order of August 7, 2008, a copy of which is attached hereto as Exhibit A. In support of his Petition, White states as follows:

1. On July 15, 2008, White filed a motion to compel against Fishering, seeking the production of all bank account records and credit card statements of Fishering and/or her business from October 2006, to the present.

2. On August 7, 2008, following briefing by the parties, this Court entered an order granting in part, and denying in part, White's motion. Specifically, the Court granted Fishering to August 14, 2008, "to produce records, receipts and statements from the White transaction totaling $55,535.51." (Exhibit A). The Court's order further provided that "[i]f [Fishering] is unable to do so, then she must produce all bank records and credit card statements relating to Lisa K. Fishering and/or her business from October 2006 to the present." (*Id.*)

255852v1

3. The Court's order was thus clear and unequivocal. On August 14, 2008, Fishering was required to produce either (1) records, receipts and statements from the White transaction totaling $55,535.51, or (2) all bank records and credit card statements relating to Lisa K. Fishering and/or her business from October 2006 to the present.

4. However, Fishering did neither. Instead, Fishering's counsel sent a letter to White's counsel that enclosed certain receipts allegedly relating to the White transaction that totaled significantly less than $55,535.51. (Exhibit B). In fact, the letter implicitly admitted that Fishering could never produce receipts totaling $55,535.51, despite the fact that Fishering admits that she was paid this amount by White.

5. Because Fishering knew that she could not produce records, receipts and statements from the White transaction totaling $55,535.51, she was required by the Court's order to produce all bank records and credit card statements relating to Lisa K. Fishering and/or her business from October 2006 to the present. Nonetheless, Fishering knowingly violated the Court's order by failing to produce any bank records or credit card statements.

6. Upon receiving the documents that failed to comply with the Court's order, White's counsel immediately corresponded with Fishering's counsel and requested that the bank records and credit card statements be produced immediately. (Exhibit C). Fishering's counsel did not respond.

7. On August 18, 2008, prior to the filing of this Petition, counsel for White spoke to Fishering's counsel and inquired as to whether Fishering intended to comply with the Court's order by producing the bank records and credit card statements. Charles McElvenny, counsel for Fishering, stated unequivocally that Fishering was not going to produce any bank records or credit card statements, but instead Fishering was going to try to locate additional receipts. Counsel for

White responded that the Court's order required production of the bank records and credit card statements. Counsel for Fishering stated that he knew what the order stated, but reiterated that Fishering would not be producing the bank records and credit card statements.

8. Fishering's conduct demonstrates a contemptuous refusal to comply with the Court's order.

WHEREFORE, White prays:

a) for the issuance of a Rule to Show Cause why Fishering should not be held in contempt for willfully violating this Court's order of August 7, 2008;

b) for an order requiring Plaintiff to produce all bank records and credit card statements relating to Lisa K. Fishering and/or her business from October 2006 to the present within two days;

c) for appropriate sanctions for wilful violation of the Court's August 7, 2008 order, including a fine of not less than $100 per day until such time as Fishering produces the bank records and credit card statements;

d) for an order requiring Fishering to compensate White for time spent and expenses incurred in obtaining the order of August 7, 2008, in seeking to enforce it and in prosecuting this Petition, including costs and reasonable attorney's fees;

e) for such other relief as the Court may deem just.

Dated: August 18, 2008

Respectfully submitted,

Eugene White

/s/Martin J. O'Hara
Martin J. O'Hara, #6229971
Attorney for Defendant
Quinlan & Carroll, Ltd.
30 N. LaSalle Street, Suite 2900
Chicago, IL 60602
phone: (312) 263-0900
fax: (312) 263-5013
e-mail: mohara@qclaw.com