# EXHIBIT A

Case 1:07-cv-06650   Document 75-2   Filed 08/18/2008   Page 2 of 3
Case 1:07-cv-06650   Document 72   Filed 08/07/2008   Page 3 of 6

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| CASE NUMBER | 07 C 6650 | DATE | 8/7/2008 |
| CASE TITLE | Lisa K Fishering vs. City Of Chicago et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant Eugene White's Motion to Compel [Doc. 54] is granted in part and denied in part.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This lawsuit arises from a dispute concerning interior design services performed by Plaintiff Lisa K. Fishering and/or her company, Whizbang, Inc. (collectively, "Fishering") on behalf of Defendant Eugene White and his wife. Fishering has charged White with defamation *per se* based on a voicemail message he left for Fishering's business associate indicating that Fishering had taken $45,000 and "skipped town," and that a warrant had been issued for her arrest.[1] (Complaint ¶ 13.) White has filed a counterclaim against Fishering alleging breach of contract, unjust enrichment and fraud.

The fraud claim is based on a transaction involving Walter E. Smithe. According to White, Fishering submitted an invoice to him stating that she had written a check to Walter E. Smithe on October 4, 2006 in the amount of $15,301.10, for furniture she purportedly bought for White. (Counterclaim ¶ 6.) On October 18, 2006, White wrote Fishering a check for $17,301.10, covering the Walter E. Smithe charge plus an additional $2,000 fee for Fishering's services. (*Id.* ¶ 7.) White subsequently discovered that Fishering's check to Walter E. Smithe was only for $6,908 and, moreover, that the check had bounced despite the fact that White had given Fishering more than enough money to cover the charge. (*Id.* ¶ 8; Def. Mot. ¶ 7 and Ex. 3.) White alleges that in all, he paid Fishering a total of $55,535.51, but received only $11,422.24 worth of goods and services. (*Id.* ¶ 11.)

---

1. Fishering has asserted additional claims against Officer James Spratte, Detective Terance Nalls and the City of Chicago, none of which is relevant for purposes of White's motion to compel. *See Fishering v. City of Chicago*, No. 07 C 6650, 2008 WL 834436, at *1 (N.D. Ill. Mar. 27, 2008).

## STATEMENT

During discovery, White requested that Fishering provide copies of her personal and/or business bank account records and credit card statements from October 2006 to the present. White claims that these documents are "extremely critical and relevant to determining what Fishering did with the monies White paid to her in October 2006." (Def. Mot. ¶ 9.) Fishering objects that the requests are overbroad and irrelevant, prompting White to file the instant motion to compel.

## Discussion

The Federal Rules permit discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FED. R. CIV. P. 26(b)(1). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *In re Thomas Consolidated Indus., Inc.*, No. 04 C 6185, 2005 WL 3776322, at *6 (N.D. Ill. May 19, 2005) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). *See also Aebischer v. Stryker Corp.*, No. 05-2121, 2006 WL 2038545, at *1 (C.D. Ill. July 19, 2006) ("[T]he test for relevance in the discovery area is an extremely broad one. . . . Evidence is relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.") (internal quotations omitted).

White alleges that Fishering took his money and falsely claimed to spend it on him by submitting a fraudulent invoice. *See Wernikoff v. Health Care Serv. Corp.*, 376 Ill. App. 3d 228, 233, 877 N.E.2d 11, 16 (1st Dist. 2007) (setting forth elements of a fraud claim). Fishering acknowledges that White paid her approximately $55,535.51, but denies that she provided him with less than that amount in goods and services. (Answer to Counterclaim ¶¶ 5, 11.) To date, Fishering has produced records, receipts and statements relating to the White transaction, but she refuses to produce documents relating to any other transactions. In Fishering's view, such documents are irrelevant because "what plaintiff did with the money White gave her is neither an issue nor an element of White's [fraud] claim." (Pl. Resp., at 2-3.) The court disagrees.

Having admitted that she took White's money in exchange for providing him with goods and services, Fishering must produce documentation to account for what she did with the funds. Fishering has until August 14, 2008 to produce records, receipts and statements from the White transaction totaling $55,535.51. If she is unable to do so, then she must produce all bank records and credit card statements relating to Lisa K. Fishering and/or her business from October 2006 to the present.