# EXHIBIT B

# STEVEN J. ROSENBERG, P.C.

Lawyers

Steven J. Rosenberg*
Charles E. McElvenny
Abeer H. Zanayed

William M. Walsh

*Also admitted in California
and Colorado

Monadnock Building
53 West Jackson Boulevard
Suite 224
Chicago, Illinois 60604-3607

Telephone 312.362.0400
Facsimile 312.431.8694
eFax: 312.275.7734
Email stevenj@sjrosenberg.com

August 14, 2008

**HAND DELIVERED**

Martin J. O'Hara
Quinlan & Carroll, Ltd.
30 North LaSalle Street
Suite 2900
Chicago, Illinois 60602

RE:   Fishering v. City of Chicago, et al.
Case No. 07 C 6650

Dear Marty:

Enclosed please find documents stamped LF-067 through LF-090 responsive to the Court's 8/7/08 Order. Due to the complicated nature of the payments I have included a cover sheet explaining the charges relating to the White transaction. Please be aware that I am still waiting for the Visa credit card statement for the month of November 2006. Ms. Fishering has also requested copies of an American Express card that she may have used for certain payments relating to the White transaction. I will supplement this response as soon as I receive those documents.

As you know, Lisa has never denied receiving money from the Whites' or that certain items were ordered and paid for, but not delivered. But the convoluted nature of this transaction (including the returns, delays, and the actions of W.E. Smithe) makes mathematical precision near impossible. Nevertheless, the records do reflect that Ms. Fishering ordered, paid for and delivered goods and services to the Whites' far in excess of the $11,000 identified in the counterclaim. Most importantly, they make clear that Ms. Fishering never intended to defraud the Whites. In fact, Ms. Fishering routinely ordered and paid for goods for the benefit of your client. She even arranged for the storage of certain items when the Whites continued to delay their moving date into mid-2007. Unfortunately, the Fishering-White relationship deteriorated following the confusion over the Walter E. Smithe transaction (in particular W.E. Smithe's wrongful cancellation and liquidation of the Whites' furniture). Ms. Fishering subsequently returned a number of fabrics and pieces of furniture ordered and paid for by your client. That money, as well as the money paid to W.E. Smithe, belongs to the Whites. Indeed, this is why Ms. Fishering made an Offer of Judgment in the amount of $10,000.

The Whites' frustration regarding the Smithe transaction is certainly understandable but it

O'Hara, Martin J.
08/14/08
Page 2

does not justify your client's insistence on an unremittingly hostile and conspiratorial version of events. Still, I am optimistic that the enclosed documents will demonstrate, to White's satisfaction, that there was nothing sinister about this confusing but plainly commercial transaction.

Very truly yours,

Charles E. McElvenny

CEM/ds
Encl.