UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA FISHERING, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6650 |
| v. ) | Judge Nan R. Nolan |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

### MOTION TO QUASH SUBPOENA FOR DEPOSITION

Respondent, ASSISTANT STATE'S ATTORNEY DAVID COLEMAN, by his attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through John A. Ouska, Assistant State's Attorney, hereby submits his Motion to Quash Subpoena for Deposition, pursuant to FRCP 45(c)(3)(A)(iii) on the ground that the materials sought requires disclosure of protected matters. In support of this motion, Respondent states as follows:

1. Respondent is an attorney who works for the Cook County State's Attorney's Office ("Office"). On or about August 6, 2008, Respondent received a subpoena calling for his deposition. A copy of said subpoena is attached as Exhibit A.

2. Currently, there is an ongoing criminal investigation into the conduct of the plaintiff, Lisa Fishering ("Plaintiff"), whereby additional criminal charges may be brought against Plaintiff.

3. Upon information and belief, the underlying lawsuit involves allegations of civil rights violations brought by Plaintiff against members of the Chicago Police Department.

4. Since there is an ongoing criminal investigation, the law enforcement investigatory privilege would apply. Mr. James Knibbs, Supervisor of the Public Corruption and Financial Crimes Unit of the Special Prosecutions Bureau of the Cook County State's Attorney's Office, formally raises the law enforcement investigatory privilege as he is the responsible official in the Office handling the criminal investigation of Plaintiff. [See Affidavit of James Knibbs, Exhibit B.] Mr. Knibbs has personally reviewed the subpoena for deposition and confirms that Respondent is the assistant state's attorney assigned to investigate the conduct of Plaintiff. Further, Mr. Knibbs is Respondent's immediate supervisor and has control over Respondent. Moreover, Mr. Knibbs states that the investigation into the conduct of Plaintiff is ongoing, and that criminal charges may be brought against Plaintiff. Therefore, because the investigation is ongoing, Mr. Knibbs has determined that the law enforcement investigatory privilege is applicable to the deposition of Respondent because it is expected that Respondent will be questioned about the ongoing investigation into the conduct of Plaintiff. Such inquiry would jeopardize the investigation, in that information would likely be revealed that could compromise, hinder, and/or thwart the investigation. An example would be to compel Respondent to disclose what witnesses needed to be interviewed as part of the investigation.

5. This objection is lodged in order to protect witnesses and law enforcement personnel, to safeguard the privacy of the individuals involved in the investigation, and/or otherwise to prevent interference with an investigation.

6. Pursuant to Local Rule 37.2, on September 2, 2008, the undersigned had a telephone conversation with Plaintiff's attorney in an attempt to resolve this issue;

however, despite good faith efforts, Plaintiff's attorney and the undersigned were unable to reach an accord.

WHEREFORE, Respondent, ASSISTANT STATE'S ATTORNEY DAVID COLEMAN, respectfully requests that said subpoena for deposition be quashed for the reasons stated above, and any other relief this Honorable Court deems reasonable. In the alternative, Respondent requests a stay of his deposition.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County

By:

/s/ John A. Ouska
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois  60602
(312) 603-6461
No. 3127573