UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA FISHERING, | ) |
| | ) |
| Plaintiff, | ) Case No. 07 C 6650 |
| v. | ) Judge Nan R. Nolan |
| | ) |
| CITY OF CHICAGO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS**

**I.   Since there is an ongoing criminal investigation into the conduct of Plaintiff, Lisa Fishering, the deposition of Assistant State's Attorney is protected by the Law Enforcement Investigatory Privilege and therefore the subpoena for deposition should be quashed.**

While the law enforcement investigatory privilege is not absolute, plaintiff must demonstrate a need for the privileged materials. *Dellwood Farms v. Cargill. Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). The balancing of the need of the litigant who is seeking the materials against the harm to the government if the privilege is lifted is a particularistic task that is confided to the discretion of the judge.[1] *Id*. The party claiming the privilege bears the burden of justifying its application. *Lewis*, 2004 WL 2608302, at *2 (citing *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. 111. 1997). The Seventh Circuit has noted, however, "that there ought to be a pretty strong presumption against lifting the privilege." *Dellwood*, 128 F.3d at 1125; see also *Rahman* v. *Chertoff*, No. 05 C 3761, 2007

---

[1] Although some courts in the Northern District of Illinois have applied other jurisdictions' 10-factor test, the Seventh Circuit (and Judge Guzman) has rejected that test in favor of the balancing analysis. *Dellwood*, 128 F.3d at 1125; see also Lewis, 2004 WL 2608302, at *2$_7$ n. 2 (noting that: Seventh Circuit has not employed the test and finding the test unhelpful and unnecessary to the balancing analysis); see also *Rahman*, 2007 WL 2892972, at *6, n. 2 (Judge Guzman citing the same language from *Dellwood* and *Lewis*).

1

WL 2892972, *6 (N.D. Ill., Sept. 28, 2007) (Judge Guzman citing this same language from *Dellwood*). Without such a presumption, the courts "will be thrust too deeply into the criminal investigative process" and would have to mediate between their desire to expedite the civil litigation and the government's discretion in conducting its criminal investigation. *Id.*

In *Doe v. Hudgins*, plaintiffs served a subpoena on the Chicago Housing Authority seeking records relating to ongoing investigations by Chicago Housing Authority police or other authorities into the misconduct of the Defendant CHA police officer Hudgins. 175 F.R.D, 511 (N.D. 111. 1997). Plaintiffs were seeking those records for the purpose of showing deliberate indifference on the part of the CHA as a basis for section 1983 municipal liability. Id. at 516, Judge Denlow upheld the Chicago Housing Authority's assertion of investigatory privilege, noting, "Plaintiffs have pointed to no case, and this Court has found none, where a court ordered disclosure of investigatory files where criminal proceedings were pending." *Doe*, 175 F.R.D. at 517. Judge Denlow distinguished two civil rights cases, *Wood v. Breier*, 54 F.R.D. 7 (E.D. Wis. 1972) and *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973), in which the court compelled disclosure of police investigation files because, in those cases, the investigation was complete and no criminal charges had been brought. Doe, 175 F.R.D. at 516-17. Also weighing toward disclosure in *Frankenhauser*, the discovery was "of extreme importance to the plaintiff's case." *Id.* at 517.  But even in *Frankenhauser.*, the court did not allow discovery of the "evaluative summary portion of the police investigative reports." *Id*.

Finally, while the cases cited above deal with document production rather than deposition testimony, it is clear that the law enforcement investigatory privilege can

equally apply to deposition testimony. *Hallett v. Village of Richmond, et al.*, 2006 U.S. Dist. LEXIS 50808, No. 05 C 50044 (N.D. Ill. July 25, 2006).

In the instant case, Plaintiff has sued two police officers from the Chicago Police Department for unlawful arrest and imprisonment and intentional infliction of mental distress after she was arrested and held for six hours at a police station. ASA Coleman had no involvement in this arrest and confinement. Therefore, his deposition would have no relevance to the present case. Accordingly, since Plaintiff cannot show how the deposition testimony of ASA Coleman is essential to her lawsuit, Plaintiff fails to overcome the privilege and thus, the deposition of ASA Coleman must be quashed.

## Conclusion

Respondent has demonstrated that the law enforcement investigatory privilege would be applicable regarding the deposition of Assistant State's Attorney David Coleman. For all of the reasons set forth in Respondent's Motion and this Memorandum, Respondent requests that this Court issue an Order quashing the subpoena for deposition issued to Assistant State's Attorney Coleman.

    Respectfully submitted,

    Richard A. Devine
    State's Attorney of Cook County

By:    /s/ John A. Ouska
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-6461
    No. 3127573
    Attorney for Respondent